UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAPOLEON EBARLE, JEANNE STAMM, BRIAN LITTON, and REINER JEROME EBARLE on behalf of themselves and all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LIFELOCK, INC.,<br><br>Defendant. | Case No. 3:15-cv-258-HSG<br><br>**DECLARATION OF HOWARD B. WIENER IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

I, Howard B. Wiener, declare as follows:

1. I am a retired Justice of the California Court of Appeal, Fourth Appellate District, Division One, a position I held from 1978 to 1994. I was a Judge on the Superior Court for San Bernardino County from 1975 to 1978. I have served on assignment to the California Supreme Court as well as an assigned settlement judge for the San Diego Superior Court. Earlier, from 1956 to 1975, I maintained a general law practice primarily devoted to business litigation.

2. Since 1994, I have been engaged in private dispute resolution serving in more than 5,000 cases as a mediator, arbitrator, and private judge.

3. I was employed by counsel for the parties in this Action for the purpose of mediating the disputed issues and seeking a resolution of the matter prior to trial. I submit this

1  declaration to provide the Court with information it might find helpful in evaluating the fairness
2  of the proposed settlement for the purpose of determining whether it should be given approval.
3      4.    I have personal knowledge of the facts set forth herein and, if called upon to
4  testify, I could and would competently testify to the following.
5      5.    In May 2015, counsel for the parties to this action, Sacks, Ricketts & Case LLP for
6  defendant LifeLock, Inc. and Carney Bates & Pulliam PLLC and Lieff Cabraser Heimann &
7  Bernstein, LLP for plaintiffs retained me to provide mediation services.
8      6.    At the time of my retention, the parties had not reached any agreement as to any of
9  the substantive issues in the case.
10     7.    I presided over a full-day mediation session with the parties and their counsel in
11 Phoenix, Arizona, on July 1, 2015. Although the parties failed to reach a settlement at the July 1,
12 2015, mediation session, they made significant progress and, at my suggestion, they agreed to
13 participate in a second mediation session over which I would preside and that was scheduled for
14 August 18, 2015, in San Francisco, California.
15     8.    At the end of the day of the August 18, 2015, mediation session, the parties had
16 not been able to reach a settlement. Accordingly, I made a mediator's proposal prior to any
17 discussion about attorneys' fees.
18     9.    The parties accepted my mediator's proposal and were thereafter able to execute,
19 that day, a non-binding Memorandum of Understanding.
20     10.    During the course of the two full-day mediation sessions, the quality of
21 representation and advocacy on the part of all counsel involved was ethical and highly
22 professional. Each side aggressively advocated their positions while engaging in a good faith
23 effort to find common ground and make reasonable concessions necessary to achieve an amicable
24 resolution of the matter.
25     11.    The two full-day mediation sessions consisted of arm's length negotiations
26 between counsel who were skilled and knowledgeable about the facts and law of this case and
27 who were fully prepared to proceed with litigation (based upon their own investigation of the case
28

1  and on informal discovery that had been conducted) rather than accept any unfair settlement
2  terms.

3   12. Plaintiffs' counsel's position at the time I was retained and throughout the
4  negotiations before me was that they would not negotiate the amount of any fees and costs
5  payable under a settlement agreement until all of the major issues related to the scope of the relief
6  for the class were substantially resolved. Only after all other substantive terms of the settlement
7  had been determined was the issue of fees raised and taken on as a subject of the negotiations. At
8  no time before me was a negotiation regarding reimbursement for costs and fees undertaken in a
9  manner which had any impact at all on the scope or extent of the relief provided to plaintiffs or
10 the proposed class.

11   13. Subsequent to the August 18, 2015, mediation session, I have been in
12 communication with counsel for the parties to receive updates on the status of the settlement and
13 to offer my assistance in finalizing the settlement and have provided assistance as requested.

14   14. I understand that since the August 18, 2015, mediation session that LifeLock has
15 reached a separate settlement agreement with staff of the Federal Trade Commission ("FTC") of a
16 related FTC action pending against LifeLock in the United States District Court for the District of
17 Arizona. That separate settlement agreement is subject to approval by the Commission and the
18 Arizona District Court. If approved, the proposed settlement would require LifeLock to deposit
19 $100,000,000 in the registry of the United States District Court for the District of Arizona,
20 $68,000,000 of which can be used to fund the settlement in this Action.

21   15. The possibility of a separate settlement with the FTC is something that the Parties
22 discussed at the August 18, 2015, mediation but was not part of my mediator's proposal.

23   16. Based upon my understanding of the separate settlement with the FTC, if
24 approved, it will not adversely impact the benefits class members are to receive under the
25 settlement the parties were able to negotiate with my assistance.

26
27
28

-3-                                   3:15-cv-258-HSG
                                     WIENER DECLARATION

17. If the Court requests my opinion as to the fairness of the settlement reached between the parties and believes my opinion will assist the Court in its determination of the settlement's fairness, I will provide my opinion.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief this 2nd day of November, 2015, in San Diego, California.

_____
Justice Howard B. Wiener, Retired

-4-