# EXHIBIT D

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

# If you were a member of a LifeLock identity theft protection plan at any time between September 1, 2010 and [preliminary approval], you are eligible for a <u>cash payment</u> from a class action settlement.

A federal court authorized this notice. This isn't a solicitation from a lawyer and you aren't being sued.

- A proposed settlement has been reached in a class action lawsuit that challenges representations LifeLock made regarding its identity theft protection plans and information security programs. LifeLock denies the allegations or that it did anything wrong. The court has not decided who is right in the lawsuit.

- If you were a member of a LifeLock identity theft protection plan at any time between September 1, 2010, and [Preliminary Approval Date], you are a Class Member and are eligible to submit a claim to receive a cash payment. If you enrolled in a LifeLock identity theft protection plan between January 1, 2012, and April 30, 2015, you are also a Subclass Member.

- As a result of the settlement, LifeLock has agreed to pay $68 million to a settlement fund. All Class Members will be able to file claims for cash payments of up to $20. Subclass Members who do not exclude themselves from the settlement will receive automatic payments under the settlement, but will also receive an *additional* payment if they submit a valid claim.

- Your legal rights are affected whether you act or do not act. Read this notice and the information on this Settlement Website carefully.

| **SUMMARY OF YOUR OPTIONS AND LEGAL RIGHTS IN THIS SETTLEMENT** ||
|---|---|
| **SUBMIT A CLAIM** | If you are a Class Member, you can submit a Claim Form online at www.EbarleClassSettlement.com, or mail the Claim Form found at www.EbarleClassSettlement.com to the address provided below. The deadline to submit a Claim Form is [DATE]. **See Question 11 below for more details** |
| **AUTOMATIC PAYMENT TO SUBCLASS MEMBERS** | If you are a Subclass Member, and do not exclude yourself from the settlement, you will automatically receive a cash payment if the settlement is approved. This automatic cash payment will be in *addition* to the amount you will receive if you submit a Claim Form. **See Question 10 below for more details.** |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT** | You <u>won't</u> receive a cash payment from the settlement. This is the only option that allows you to retain your right to bring another lawsuit against LifeLock about the claims in this lawsuit. The postmark deadline to exclude yourself is **[DATE]**. **See Question 16 below for more details.** |
| **DO NOTHING** | If the settlement is approved and you do nothing, you will be bound by the settlement terms and judgment and will not be able to later sue LifeLock about the claims in this lawsuit. If you are a Subclass Member and do nothing, you will still receive an automatic cash payment. If you are <u>not</u> a Subclass Member and do nothing, you will <u>not</u> receive a cash payment. **See Question 20 below for more details.** |
| **OBJECT TO THE SETTLEMENT** | Write to the Court if you don't like the settlement. You may object to the settlement and also submit a claim for a payment under the settlement. The postmark deadline to send an objection is **[DATE]**. **See Question 18 below for more details.** |
| **ATTEND THE HEARING** | The Court has set a hearing on [DATE] regarding the fairness of the settlement. You may appear at the hearing, but you don't have to. You may hire your own attorney to appear for you. *See* **Questions 23-25 below for more details.** |

- These rights and options, and the deadlines to exercise them, are explained in this notice.

- The Court will decide whether to approve the settlement. Proposed payments to Class Members and Subclass Members who do not exclude themselves from the settlement will be made if the Court approves the settlement. Please be patient and check back to this website to find out when the cash payments may be available.

**WHAT THIS NOTICE CONTAINS**

**Page**

**BASIC INFORMATION** ...................................................................................................................................... 3
    1.  Why is there a notice?   3
    2.  What is the lawsuit about?   3
    3.  How does LifeLock respond to the allegations?   3
    4.  Has the Court decided who is right?   3
    5.  Why is this a class action?   3
    6.  Why is there a settlement?   3

**WHO IS IN THE SETTLEMENT?** .................................................................................................................... 3
    7.  Who is included in the settlement?   3

**THE SETTLEMENT'S BENEFITS** .................................................................................................................. 4
    8.  What benefits does the settlement provide?   4
    9.  How do I get a cash payment?   4
    10.  How will payment amounts be calculated and how much money will I receive? 4
    11.  How do I submit a Claim Form and what is the deadline?   5
    12.  What happens after a Claim Form is
         submitted   ?

    13.  Can I file more than one claim?   5
    14.  When will I receive a cash payment?   5
    15.  What am I giving up if I do not exclude myself from the Settlement?   5

**EXCLUDING YOURSELF FROM THE PROPOSED SETTLEMENT** .............................................................. 5
    16.  How do I exclude myself from the Class?   5
    17.  If I don't exclude myself, can I sue LifeLock for the same thing later?   6

**OBJECTING TO THE PROPOSED SETTLEMENT** ......................................................................................... 6
    18.  How do I tell the Court if I don't like the settlement?   6
    19.  What's the difference between objecting to the settlement and excluding myself from the Settlement?   6

**IF YOU DO NOTHING** ..................................................................................................................................... 6
    20.  What happens if I do nothing at all?   6

**THE LAWYERS REPRESENTING YOU** ....................................................................................................... 7
    21.  Do I have a lawyer representing me in the Lawsuit?   7
    22.  How will Class Counsel be paid?   7

**THE COURT'S FAIRNESS HEARING** ........................................................................................................... 7
    23.  When and where will the Court decide whether to approve the settlement?   7
    24.  Do I have to attend the hearing?   7
    25.  May I speak at the hearing?   7

**GETTING MORE INFORMATION** ................................................................................................................. 8
    26.  How do I get more information?   8

**BASIC INFORMATION**

| 1. Why is there a notice? |
|---|

A Court authorized this notice because you have a right to know about the proposed settlement of this class action lawsuit and about all of your options before the Court decides whether to give final approval to the settlement. This Settlement Website provides notice of and explains the lawsuit, the proposed settlement, your legal rights, what settlement benefits are available, who is eligible for them, and how to get them. If the Court approves the proposed settlement, cash payments will be made consistent with the settlement terms and the Court's orders. You will be informed of the progress of the settlement on this Settlement Website.

The United States District Court for the Northern District of California is overseeing this lawsuit. The case is *Ebarle et al. v. LifeLock, Inc.*, Case No. 3:15-CV-258-HSG (the "Lawsuit").

The consumers who filed the Lawsuit are called Plaintiffs and Class Representatives and the company they sued, LifeLock, Inc. ("LifeLock"), is called the Defendant.

| 2. What is the lawsuit about? |
|---|

The Lawsuit claims that LifeLock made misrepresentations which generally fall into four categories: (1) LifeLock's promise to provide "comprehensive" services in detecting fraud; (2) Lifelock's promise to provide timely and continuous alerts of potential fraud twenty four hours a day, seven days a week, three hundred sixty five days a year; (3) Lifelock's promise regarding its information security program; and (4) LifeLock's promise to provide a "$1 Million Total Service Guarantee," which the Class Representatives allege purports to promise insurance in an amount up to $1,000,000 against identity theft. The Second Amended Complaint filed in the Lawsuit, which is available www.EbarleClassSettlement.com, contains all of the allegations and claims asserted against LifeLock.

The Federal Trade Commission ("FTC") has made similar allegations against LifeLock in a contempt proceeding in a matter entitled *Federal Trade Commission v. LifeLock, Inc.*, Case No. 2:10-cv-00530-JJT, in the Arizona District Court for the District of Arizona ("FTC Action"). On December 22, 2015, the Court in the FTC Action approved the parties' Stipulated Order resolving that matter. The Court-approved Stipulated Order provides that $68 million of the amount LifeLock pays to resolve the FTC Action may be used to provide consumer redress in this lawsuit through the proposed settlement.

| 3. How does LifeLock respond to the allegations? |
|---|

LifeLock expressly denies that it did anything wrong and does not admit or concede any actual or potential fault, wrongdoing, or liability in connection with any facts or claims that have been alleged against it in the Lawsuit or the FTC Action.

| 4. Has the Court decided who is right? |
|---|

No. The Court hasn't decided which of the parties, Plaintiffs or LifeLock, is right.

| 5. Why is this a class action? |
|---|

In a class action, one or more people, called "Class Representatives," (in this case, Napolean Ebarle, Jeanne Stamm, Brian Litton, and Renier Jerome Ebarle) sue on behalf of people who have similar claims. All of the people who have claims similar to the Class Representatives are members of the "Class" or "Class Members".

| 6. Why is there a settlement? |
|---|

The Court hasn't decided in favor of either Plaintiffs or LifeLock. Instead, both sides agreed to the settlement. By agreeing to the settlement, the parties avoid the costs and uncertainty of a trial, and Class Members receive the benefits described in this notice. The Class Representatives and the attorneys appointed to represent the class (called "Class Counsel") believe that the settlement is in the best interest of all Class Members.

**WHO IS IN THE SETTLEMENT?**

| 7. Who is included in the settlement? |
|---|

You are a "Class Member" if you were a member of a LifeLock identity theft protection plan at any time between September 1, 2010 and [the date of the Preliminary Approval Order. You are also a "Subclass Member" if you enrolled in a LifeLock identity theft protection plan between January 1, 2012 and April 30, 2015.

LifeLock is excluded from the Class as well as any parent, subsidiary, affiliate, or controlled person of LifeLock, as well as the officers, directors, agents, servants or employees of LifeLock and the immediate family members of any such persons. Also excluded is any judge who may preside over the Lawsuit.

**IF YOU WERE A MEMBER OF A LIFELOCK IDENTITY THEFT PROTECTION PLAN BETWEEN SEPTEMBER 1, 2010 AND [PRELIMINARY APPROVAL ORDER DATE] BUT ARE UNSURE WHAT BENEFITS YOU ARE ELIGIBLE TO RECEIVE, WHETHER YOU ARE A SUBCLASS MEMBER OR WHAT YOUR OPTIONS ARE, YOU MAY CONTACT THE SETTLEMENT ADMINISTRATOR, AT 1 (855) 907-3140 OR CAN REVIEW THE SETTLEMENT DOCUMENTS ON THIS SETTLEMENT WEBSITE.**

### THE SETTLEMENT'S BENEFITS – WHAT YOU CAN GET?

### 8. What benefits does the settlement provide?

Approximately 6.8 Million Class Members are eligible for a cash payment. The settlement agreement is available at www.EbarleClassSettlement.com. If the proposed settlement is approved and becomes final, LifeLock has agreed to pay $68 million to a settlement fund. You are eligible for a cash payment from the settlement fund, if you're a Class Member. *See* **Question 7** to determine if you're a Class Member. The $68 million settlement fund will be used to only to provide cash payments to Class Members.

For details about how to receive a cash payment and about how payments will be determined, see **Questions 9-12** below.

### 9. How do I get a cash payment?

All Class Members may submit a Claim Form www.EbarleClassSettlement.com. Subclass Members who do not exclude themselves from the settlement will automatically receive a cash payment, regardless of whether they submit a Claim Form, but Subclass Members will receive an *additional* payment under the settlement if they submit a valid claim.

If you are unsure about what benefits you may be eligible to receive, whether you are Class and/or Subclass Member, or what your options are, you may contact the Settlement Administrator, at 1 (855) 907-3140 or can review the settlement documents on this Settlement Website.

*See* **Question 11** below, for instructions on how to submit a Claim Form.

### 10. How will payment amounts be calculated and how much money will I receive?

Payment amounts will depend on two things: how many people file valid claims, and the date you enrolled in a LifeLock identity theft protection plan. The Settlement Administrator will use LifeLock's records to determine this information.

The parties estimate that Subclass Members (persons who enrolled in a LifeLock plan between January 1, 2012 and April 30, 2015) will likely receive between about $**34** and $**39** if they do make a claim and between about $**14** and $**19** if they do not make a claim. All other Class Members (persons who were members of a LifeLock plan between September 1, 2010 and December 31, 2011 or between May 1, 2015 and [Date of Preliminary Approval]) will likely receive **$20** if they do make a claim and **nothing** if they do not make a claim.

The above estimates depend on the number of persons who make claims, which is unknown at this time. Actual payments amounts could be less than the above estimates.

### 11. How do I submit a Claim Form and what is the deadline?

You have two options for submitting a Claim Form:

- Online: You can submit a Claim Form online at www.EbarleClassSettlement.com using your Claim ID.

- By mail: You can print and fill out the Claim Form that is available at www.EbarleClassSettlement.com or request that the Settlement Administrator mail you a Claim Form, and then mail your completed Claim Form (with postage) to:

Ebarle v. Lifelock, Inc. Settlement

c/o GCG

P.O. Box 10248

Dublin, OH 43017-5748

QUESTIONS? VISIT WWW.EBARLECLASSSETTLEMENT.COM OR CALL TOLL-FREE 1 (855) 907-3140

You must follow the instructions and provide all of the required information on the Claim Form.

**Online Claim Forms must be submitted by [DATE]. Claim Forms submitted by mail must be postmarked by [DATE].** If you fail to submit online or postmark a Claim Form by [DATE], your claim will be rejected.

### 12. What happens after a Claim Form is submitted?

The Settlement Administrator supervising the cash payments will use LifeLock's records and the information you provide on your Claim Form to calculate the amount of your cash payment consistent with the terms of the Settlement Agreement. If the Settlement Administrator needs more information, it may contact you directly.

### 13. Can I file more than one claim?

If you were enrolled in a LifeLock identity theft protection plan between September 1, 2010, and [Preliminary Approval Date], you are entitled to submit one Claim Form.

### 14. When will I receive a cash payment?

The Court will hold a Fairness Hearing on [date], 2016, to decide whether to approve the proposed settlement. If the Court approves the proposed settlement, the cash payments will be made approximately twenty one (21) days thereafter. This Settlement Website will be updated with current settlement information including if final approval is entered and the date on which cash payments will be made. Please be patient.

### 15. What am I giving up if I do not exclude myself from the Settlement?

If you don't exclude yourself from the proposed settlement by following the process explained in Question 16, you will release (i.e., give up) all of the claims described in paragraph 90 of the Settlement Agreement, which is available at www.EbarleClassSettlement.com. That means that you will not be able to sue, continue to sue or be part of any other lawsuit against LifeLock about the Released Claims. It also means that all of the decisions by the Court will apply to you.

## EXCLUDING YOURSELF FROM THE PROPOSED SETTLEMENT

If you want to keep the right to sue LifeLock on your own about the issues in this Lawsuit, then you must take steps to exclude yourself from the proposed settlement. This is sometimes referred to as excluding yourself from or opting out of the settlement. If you exclude yourself, you are no longer part of the settlement and you won't get a cash payment from this settlement.

### 16. How do I exclude myself from the proposed settlement?

If you don't want to be part of the proposed settlement, you may exclude yourself by email or by writing to the Settlement Administrator. Your request must include the following:

- Your full name and address;

- If applicable, the name and address of any person claiming to be legally entitled to submit an exclusion request on your behalf and the basis for such legal entitlement; and

- A statement that you want to be excluded from the class.

You must email or mail your exclusion request, **postmarked or emailed by [DATE]**, to:

Ebarle v. Lifelock, Inc. Settlement

c/o GCG

P.O. Box 10248

Dublin, OH 43017-5748

info@EbarleClassSettlement.com

You cannot exclude yourself from the proposed settlement by phone. A sample request for exclusion letter is available at www.EbarleClassSettlement.com.

### 17. If I don't exclude myself, can I sue LifeLock for the same thing later?

No. Unless you exclude yourself, you give up the right to sue LifeLock about the issues in the Lawsuit.

## OBJECTING TO THE PROPOSED SETTLEMENT

You can tell the Court that you don't agree with the settlement or some part of it, Class Counsel's request for attorneys' fees and expenses and/or the request for service awards for each of the Class Representatives. This is called objecting to the settlement.

### 18. How do I tell the Court if I don't like the settlement?

If you are a Class Member and don't exclude yourself, you can object to any part of the settlement, the settlement as a whole, Class Counsel's request for attorneys' fees and expenses, and/or the request for service awards for each of the Class Representatives. Any objection must be made in writing and include the following information:

- The name of this case, which is *Ebarle et al. v. LifeLock, Inc.,* Case No. 3:15-CV-258-HSG;

- Your full name, address and telephone number;

- If applicable, the name and address of any person claiming to be legally entitled to object on your behalf and the basis of such legal entitlement;

- All grounds for your objection;

- Whether you are represented by counsel, and if so the identity of such counsel;

- Your signature (an attorney's signature is not sufficient).

To be considered, your objection must be mailed to the Settlement Administrator: Ebarle v. Lifelock, Inc. Settlement, c/o GCG, P.O. Box 10248, Dublin, OH 43017-5748, **postmarked no later than [DATE]**.

If you don't send a timely or complete objection, you will waive all objections to the settlement, and won't be allowed to object to the settlement at the Fairness Hearing or otherwise.

Even if you object to the settlement you will be eligible for cash payments as set forth above in **Questions 8-14**; however, you will be bound by all terms of the proposed settlement if it is finally approved by the Court.

### 19. What's the difference between objecting to the settlement and excluding myself from the settlement?

You object to the settlement when you wish to remain a Class Member and be subject to the settlement, but disagree with some aspect of the settlement. An objection allows your views to be heard in Court.

In contrast, excluding yourself from the proposed settlement means that you are no longer part of the proposed settlement and don't want the settlement to apply to you even if the Court finally approves it. Once excluded from the proposed settlement, you lose any right to receive a cash payment from the settlement or to object to any aspect of the settlement because the case no longer affects you.

## IF YOU DO NOTHING

### 20. What happens if I do nothing at all?

If you do nothing and the Court grants final approval of the proposed settlement, you will be included in the settlement and be bound by the release of claims in this settlement and will be giving up your rights to be part of any other lawsuit or make any other claim against LifeLock about the issues raised in the Lawsuit as described in **Question 15**. The Settlement Agreement, available at www.EbarleClassSettlement.com, describes all of the claims you will release (give up). If you do nothing and are a Subclass Member, you will automatically receive a cash payment. If you are <u>not</u> Subclass Member and do nothing, you will <u>not</u> receive a cash payment.

QUESTIONS? VISIT WWW.EBARLECLASSSETTLEMENT.COM OR CALL TOLL-FREE 1 (855) 907-3140

**THE LAWYERS REPRESENTING YOU**

### 21. Do I have a lawyer representing me in the Lawsuit?

The Court has appointed lawyers to represent the Class Members in the Lawsuit. They are called "Class Counsel." You won't be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense. The lawyers appointed as Class Counsel are:

| | |
|---|---|
| Michael W. Sobol | Randy Pulliam |
| Lieff Cabraser Heimann & Bernstein, LLP | Carney Bates & Pulliam, PLLC |
| 275 Battery Street, 29th Floor | 2800 Cantrell, Suite 510 |
| San Francisco, California 94111 | Little Rock, AR 72202 |

### 22. How will Class Counsel be paid?

Class Counsel intends to ask the Court to award attorneys' fees and expenses of up to $10,200,000. LifeLock has agreed not to object to any request by Class Counsel provided it does not exceed $10,200,000 in total for attorneys' fees and expenses.

Class Counsel will also ask the Court to award a $2,000 service award to each of the four (4) Class Representatives, to compensate them for their commitment and efforts on behalf of the Class Members in the Lawsuit. LifeLock has agreed not to object to any service award request provided it does not exceed $2,000 for each of the four (4) Class Representatives.

Class Counsel's application for attorneys' fees, expenses, and class representative service awards will be available at www.EbarleClassSettlement.com once filed.

The Court will determine the amount of attorneys' fees, expenses, and service awards to award. Any attorneys' fees, expenses, and service awards awarded by the Court will be paid by LifeLock and will not come out of the $68 million settlement fund.

**THE COURT'S FAIRNESS HEARING**

The Court will hold a hearing (the "Fairness Hearing") to decide whether to approve the proposed settlement and the request for Class Counsel's attorneys' fees, expenses and the Class Representatives' service awards. You may attend and you may ask to speak, but you don't have to.

### 23. When and where will the Court decide whether to approve the settlement?

The Court will hold the Fairness Hearing at __:__ a.m./p.m. on _____, 201_, at the United States District Court for the Northern District of California, 450 Golden Gate Ave, 18th Floor, Courtroom 15, San Francisco, CA 94102. The hearing may be moved to a different date or time without notice, so check for updates on this website. At this hearing, the Court will consider whether the proposed settlement is fair, reasonable and adequate. The Court will also consider Class Counsel's application for attorneys' fees and expenses and for service awards for the Class Representatives. If there are objections, the Court will consider them at the hearing. After the hearing, the Court will decide whether to approve the settlement. We don't know how long the decision will take.

### 24. Do I have to attend the hearing?

No. You don't have to attend the Fairness Hearing. Class Counsel will answer any questions the Court may have. If you or your personal attorney would like to attend the Fairness Hearing, you are welcome to do so at your expense. If you send a written objection, you don't have to come to Court to talk about it. As long as you submit your written objection by [date], to the proper address, and it complies with the requirements set forth above, the Court will consider it.

### 25. May I speak at the hearing?

You may ask the Court for permission to speak at the Fairness Hearing. If you intend to speak at the Fairness Hearing, you may, but you are not required to, file with the Court and serve by First-Class mail on Class Counsel and LifeLock's Counsel, a Notice of Intention to Appear by [date] at the addresses below:

QUESTIONS? VISIT WWW.EBARLECLASSSETTLEMENT.COM OR CALL TOLL-FREE 1 (855) 907-3140

| **CLASS COUNSEL** | **LIFELOCK'S COUNSEL** |
|---|---|
| Michael W. Sobol<br>Lieff, Cabraser, Heimann & Bernstein, LLP<br>275 Battery Street<br>29th Floor<br>San Francisco, CA 94111 | Luanne Sacks<br>Sacks, Ricketts & Case LLP<br>177 Post Street, Suite 650<br>San Francisco, CA 94108 |

**GETTING MORE INFORMATION**

26. How do I get more information?

This notice summarizes the proposed settlement. You can find more details in the Settlement Agreement. You can get a copy of the Settlement Agreement, read other key case documents, and get more information on this website. You can also call 1 (855) 907-3140 for more information. **DO NOT CONTACT THE COURT, LIFELOCK OR LIFELOCK's COUNSEL.**