1

2

3

4

5

6

7

8

9

10

11

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

12

13

14

15

16

17

18

NAPOLEON EBARLE, JEANNE
STAMM, BRIAN LITTON, and REINER
JEROME EBARLE on behalf of
themselves and all other similarly situated,

Plaintiffs,

v.

LIFELOCK, INC.,

Defendant.

Case No.  3:15-CV-258-HSG

**[PROPOSED] ORDER GRANTING
PRELIMINARY APPROVAL OF CLASS
SETTLEMENT**

Date: December 17, 2015
Time: 2:00 p.m.
Location: Courtroom 15, 18th Floor
Judge: Hon. Haywood S. Gilliam

19

20

21

22

23

24

25

26

27

28

1   This matter comes before the Court upon Plaintiffs' Motion for Preliminary Approval of

2   Class Settlement.  The Parties have entered into a Class Settlement Agreement, dated November

3   3, 2015 (the "Settlement") which, if approved, would resolve the above captioned class action

4   law suit (the "Action" or the "Class Action Lawsuit").  Upon review and consideration of the

5   motion papers and the Settlement and all exhibits thereto, including the proposed forms of notice

6   to the Class and the proposed Claim Form, the Court finds that there is sufficient basis for: (1)

7   granting preliminary approval of the Settlement; (2) provisionally certifying the Class and the

8   Subclass for settlement purposes only; (3) appointing Class Counsel and Plaintiffs to represent

9   the Class; (4) approving the Parties' proposed notice program and forms of notice substantially

10   similar to those forms attached to the Settlement, and directing that notice be disseminated to the

11   Class pursuant to the notice program provided in the Settlement; (5) approving the Parties'

12   proposed Claim Form, and approving the procedures set forth in the Settlement for Class

13   Members to submit claims, exclude themselves from the Class, and object to the Settlement; (6)

14   appointing a Settlement Administrator to conduct the duties assigned to that position in the

15   Settlement; (7) staying all non-Settlement related proceedings in the Action pending final

16   approval of the Settlement; and (8) setting a hearing (the "Fairness Hearing"), at which the Court

17   will consider: (a) whether to grant final approval of the Settlement; (b) Class Counsel's

18   application for attorneys' fees and costs; and (c) any request for service award for the Plaintiffs.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**:

19   1.   Capitalized terms not otherwise defined herein shall have the same meaning as set

20   forth in the Settlement.

21   2.   The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, and has

22   personal jurisdiction over the Parties.  Venue is proper in this District.

23   3.   This Action is provisionally certified as a class action, for the purposes of

24   settlement only, pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(3) and 23(e).  The

25   Class is defined as follows:

26   
        All members of a LifeLock identity theft protection plan in the United States at
27      any time between September 1, 2010 and the date of the Preliminary Approval
        Order.

28

[PROPOSED] ORDER GRANTING PRELIMINARY
APPROVAL OF CLASS SETTLEMENT
CASE NO. 3:15-CV-258-HSG

1275528.4

1

2

The Subclass is defined as follows:

3

> All individuals who enrolled in a LifeLock identity theft protection plan in the
> United States at any time between January 1, 2012, and April 30, 2015.

4

5

Excluded from the Class are Defendant, any parent, subsidiary, affiliate, or controlled person of

6

Defendant, as well as the officers, directors, agents, servants or employees of Defendant and the

7

immediate family members of any such person.  Also excluded is any judge who may preside

8

over this cause of action.

9

10

4.      Certification of the Class and Subclass shall be solely for settlement purposes and

without prejudice to the Parties in the event the Settlement is not finally approved by this Court

or otherwise does not take effect.

11

12

5.      Pursuant to Federal Rule of Civil Procedure 15(a)(2), and for purposes of, and

13

solely in connection with, the Settlement, the Court grants the Plaintiffs' unopposed Motion for

Leave to Amend their Complaint to file their Second Amended Complaint ("SAC").  The SAC is

14

deemed filed as of the date of this Preliminary Approval Order.

15

16

6.      In support of this Preliminary Approval Order, the Court conditionally and

preliminarily finds that: (a) the Class Members are so numerous that joinder of all members is

17

impracticable; (b) there are questions of law and fact common to the Class Members, each of

18

whom could have asserted the types of claims raised in the Action, and these questions

19

predominate over any questions affecting individual Class Members; (c) the named Class

20

Representatives' claims are typical of the claims of the Class Members; (d) the named Class

21

Representatives and Class Counsel identified below are able to adequately represent the Class

22

Members; and (e) class-wide treatment of the disputes raised in the SAC is superior to other

23

available methods for adjudicating the controversy.

24

7.      The Court preliminarily approves the proposed Settlement as fair, reasonable and

25

adequate, entered into in good faith, free of collusion and within the range of possible judicial

26

approval.

27

28

1275528.4

8.      The Court appoints the following as Class Counsel: Randall K. Pulliam and Hank Bates of Carney Bates & Pulliam, PLLC, and Michael W. Sobol of Lieff, Cabraser, Heimann & Bernstein, LLP.

9.      The Court appoints Plaintiffs Napolean Ebarle, Jeanne Stamm, Brian Litton, and Renier Jerome Ebarle as class representatives for the Class.

10.     The Court appoints Garden City Group, LLC to serve as the Settlement Administrator, and directs them to carry out all duties and responsibilities of the Settlement Administrator specified in the Settlement.

11.     The Court approves the program for disseminating notice to the Class set forth in the Settlement (the "Notice Program").  The Court approves the form and content of the proposed forms of notice, in the forms attached to the Settlement as Exhibits 4 and 6 (as revised by the parties' Joint Proposed Revised Class Notices in Support of Preliminary Approval of Class Action Settlement).  The Court finds that the proposed forms of notice are clear and readily understandable by Class Members.  The Court finds that the Notice Program, including the proposed forms of notice, constitutes the best notice practicable under the circumstances, constitutes valid, due and sufficient notice to the Class in full compliance with the requirements of applicable law, including Federal Rule of Civil Procedure 23 and the Due Process Clause of the United States Constitution, and is the only notice to the Class of the Settlement that is required.

12.     The Court approves the form and content of the proposed Claim Form, in the form attached to the Settlement as Exhibit 1, and approves the procedures set forth in the Settlement for Class Members to submit Claims.

13.     Pursuant to the terms of the Settlement, to the extent LifeLock has not already done so, three (3) business days after entry of this Order, LifeLock shall provide to the Settlement Administrator the Class Data for the Settlement Administrator's use in disseminating notice and processing Claims.  The Class Data shall identify each Class Member's name, last known address and/or last known email address, and date of enrollment in a LifeLock identity theft protection plan.

14.     The "Notice Date" shall be thirty (30) days following the entry of this Order.

[PROPOSED] ORDER GRANTING PRELIMINARY
APPROVAL OF CLASS SETTLEMENT
CASE NO. 3:15-CV-258-HSG

1275528.4

15.     By no later than the Notice Date, the Settlement Administrator shall send the Summary Class Notice, in the form approved by the Court, to Class Members via email for those Class Members for whom an email address is available and via First Class U.S. Mail, proper postage prepaid, for those Class Members for whom an email address is not available. The subject line for all emails covered by this paragraph shall be: Notice of Class Action Settlement.

16.     The Settlement Administrator shall update the mailing addresses in the Class Data through the National Change of Address Database prior to sending any Summary Notice via First Class U.S. Mail, proper postage prepaid. The Settlement Administrator shall perform a single Skip Trace using information identifying the Class Members, as necessary, to conduct an address update with respect to any Summary Notice sent via First Class U.S. Mail and returned to the Settlement Administrator as undeliverable not bearing a forwarding address using an industry accepted source such as Accurint and shall send the Summary Notice to the mailing address identified by the Skip Tracing. The Settlement Administrator shall resend via First Class U.S. Mail, proper postage prepaid, the Summary Notice to the new address for each such Class Member within three (3) business days of obtaining each such new address.

17.     Any mailed Summary Notice returned to the Settlement Administrator as undelivered and bearing a forwarding address shall be re-mailed by the Settlement Administrator within three (3) business days following receipt of the returned mail. Any emailed Summary Notice that bounces back or is returned to the Settlement Administrator as undeliverable after three (3) unsuccessful delivery attempts shall be mailed by the Settlement Administrator if a mailing address is also provided in the Class Data. If no mailing address is provided in the Class Data, the Settlement Administrator shall perform a single Skip Trace using information identifying the Class Member, as necessary, to conduct an address update to allow the Summary Notice to be sent via U.S. Mail, proper postage prepaid. The Settlement Administrator shall send the Summary Notice to any mailing or physical address identified by the Skip Tracing within seven (7) business days following receipt of the bounced back or returned as undeliverable email enclosing the Summary Notice.

18.     By no later than the Notice Date, the Settlement Administrator shall post the Long Form Notice, in the form approved by the Court, on the Settlement Website.

19.     As soon as practicable following the entry of the Preliminary Approval Order and, in all events, by no later than the Notice Date, the Settlement Administrator shall cause the Summary Notice to be published in publication and media outlets as agreed upon by the Parties.

20.     The Settlement Administrator shall establish and maintain an Internet website, at the web address www.ebarleclasssettlement.com ("Settlement Website") where Class Members can obtain further information about the terms of this Settlement, their rights, important dates and deadlines, and related information.  Class Members shall also be able to submit a Claim Form electronically via the Settlement Website.  The Settlement Website shall include, in PDF format, the SAC, the Settlement, the Motion for Preliminary Approval, the Preliminary Approval Order, the Class Notice, Class Counsel's application for attorneys' fees and costs (after it is filed), the Final Approval Order (after it is entered), and other case documents as agreed upon by the Parties and/or required by the Court and shall be operational and live by no later than thirty (30) days following entry of the Preliminary Approval Order.  The Settlement Website shall be optimized for display on mobile phones.  The Settlement Administrator shall maintain the Settlement Website as operational and shall not take it down until thirty (30) days after the Payment Date.  Within five (5) business days after the Settlement Website is taken down, the Settlement Administrator shall transfer ownership of the URL for the Settlement Website to LifeLock.

21.     The Settlement Administrator shall establish and maintain a toll-free telephone number ("Toll-Free Number") where Class Members can obtain further information about the Settlement and their rights and request that a hard copy Claim Form or Long Form Notice be mailed to them.  The Toll-Free Number shall be operational and live by no later than thirty (30) days following entry of the Preliminary Approval Order.

22.     By no later than seventy five (75) days after the Notice Date, the Settlement Administrator shall file with the Court declaration(s) detailing the scope, methods, and status of the Notice Program.

23.     Class Members who wish to submit a Claim shall have the option of submitting Claim Forms online via the Settlement Website or by mail.  Claim Forms submitted online must be submitted by no later than sixty (60) days following the Notice Date (hereinafter the "Claim

[PROPOSED] ORDER GRANTING PRELIMINARY
APPROVAL OF CLASS SETTLEMENT
CASE NO. 3:15-CV-258-HSG

Deadline"). Claim Forms submitted by mail must be postmarked no later than the Claim Deadline.

24. Any Class Member who wishes to be excluded from the Class must email or mail a written request for exclusion to the Settlement Administrator at the address provided in the Class Notice, postmarked no later than forty-five (45) days following the Notice Date, and must include: (a) their full name and address and if applicable the name and address of any person claiming to be legally entitled to submit an exclusion request on behalf of the Class Member and the basis for such legal entitlement; and (b) a statement that clearly indicates that he/she wants to be excluded from the Class.

25. If the Settlement is finally approved and becomes effective, any Class Member who does not send a timely and valid request for exclusion shall be a Settlement Class Member and shall be bound by all subsequent proceedings, orders, and judgments in the Action, including, but not limited to, the Release, even if he or she has litigation pending or subsequently initiates litigation against LifeLock relating to the claims and transactions released in the Action.

26. Any Class Member or person legally entitled to act on his or her behalf may object to the Settlement, to Class Counsel's request for attorneys' fees and expenses ("Fee Application"), and/or to any request for service awards for the Plaintiffs. To be considered, an objection must be made in writing, must be mailed to the Settlement Administrator at the address provided in the Class Notice, postmarked no later than forty-five (45) days following the Notice Date, and must include the following: (a) the name of the Action (*Ebarle v. LifeLock, Inc.,* No. 15-cv-00258-HSG); (b) the objector's full name, address and telephone number; (c) if applicable, the name and address of any person claiming to be legally entitled to object on behalf of a Class Member and the basis of such legal entitlement; (d) all grounds for the objection; (e) whether the objector is represented by counsel and, if so, the identity of such counsel; and (f) the objector's signature.

27. Any Class Member who submits a timely and valid written objection may appear at the Fairness Hearing, either in person or through personal counsel hired at the Class Member's own expense. Any Class Member who does not submit a timely and valid objection shall be deemed to have waived all objections and shall forever be foreclosed from making any objection

[PROPOSED] ORDER GRANTING PRELIMINARY
APPROVAL OF CLASS SETTLEMENT
CASE NO. 3:15-CV-258-HSG

1   to the fairness, adequacy or reasonableness of the Settlement and any Final Order and Final

2   Judgment entered approving it, Class Counsel's Fee Application, or any request for Service

3   Awards for the Plaintiffs.

4          28.    The Settlement Administrator shall promptly after receipt provide to Class

5   Counsel and LifeLock's Counsel copies of any requests for exclusion and objections, including

6   any related correspondence.

7          29.    LifeLock shall pay to the Settlement Administrator all reasonable costs associated

8   with the administration of the Settlement, distribution of Class Notice, and any other tasks

9   assigned to the Settlement Administrator by the Settlement, this Preliminary Approval Order, by

10   LifeLock and the Class Counsel's mutual agreement in writing, or by this Court.  The Settlement

11   Administrator shall not be paid from the Settlement Fund.

12          30.    The Court directs that the Fairness Hearing be scheduled for _____,

13   2016, at ___o'clock ___.m. to assist the Court in determining whether the Settlement should be

14   finally approved as fair, reasonable and adequate to the Settlement Class Members; whether

15   Final Judgment should be entered dismissing the Action with prejudice; whether Class Counsel's

16   Fee Application should be approved; and whether any request for Service Awards for the

17   Plaintiffs should be approved.

18          31.    The Parties shall file any motions in support of final approval of the Settlement

19   by no later than 75 days following the Notice Date.  Class Counsel shall file their Fee

20   Application and any Request for Plaintiff Service Awards by no later than thirty (30) days

21   following the Notice Date.  After it is filed, Class Counsel's Fee Application and Request for

    Plaintiff Service Awards shall be posted on the Settlement Website.

22          32.    The Parties shall file any responses to any Class Member objections, and any

23   reply papers in support of final approval of the Settlement or Class Counsel's Fee Application or

24   request for Plaintiff service awards, by no later than 75 days following the Notice Date.

25          33.    The Court reserves the right to modify the date of the Fairness Hearing and

26   related deadlines set forth herein.  In the event the Fairness Hearing is moved, the new date and

27   time shall be promptly posted on the Settlement Website by the Settlement Administrator.

28          34.    This Order shall become null and void and shall be without prejudice to the rights

of the Parties, all of whom shall be restored to their respective positions existing immediately before the Court entered this Order, if: (a) the Settlement is not finally approved by the Court, or does not become final, pursuant to the terms of the Settlement; (b) the Settlement is terminated in accordance with the Settlement; or (c) the Settlement does not become effective pursuant to the terms of the Settlement for any other reason. In any such case, any amounts transferred into the Settlement Fund from the Court's Registry in the FTC Action pursuant to paragraph 57 of the Settlement shall be returned, with any interest accrued thereon, to the Court's Registry in the FTC Action.

35.     If the Settlement does not become final and effective pursuant to the terms of the Settlement, the Class Representatives, the Class Members, and LifeLock shall be returned to their respective statuses as of the date immediately prior to the execution of the Settlement, and this Preliminary Approval Order shall have no force or effect, and neither this Preliminary Approval Order nor the Settlement shall be construed or used as an admission, concession, or declaration by or against LifeLock of any fault, wrongdoing, breach, or liability, or be construed or used as an admission, concession, or declaration by or against any of the Plaintiffs or Class Members that their claims lack merit or that the relief requested is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses or claims he, she, or it may have in this Action or in any other lawsuit, and neither shall be admissible in evidence or usable for any purpose whatsoever in the Action, any proceeding between the Parties, or in any action related to the Released Claims or otherwise involving the Parties, Class Members, the Federal Trade Commission, any State Attorney General, or any Released Party.

36.     Pending the final determination of whether the Settlement should be approved, all proceedings in this Action, except as may be necessary to implement the Settlement or comply with the terms of the Settlement, are hereby stayed.

37.     Pending the final determination of whether the Settlement should be approved, Plaintiffs and each Class Member, and any person purportedly acting on behalf of any Class Member(s), are hereby enjoined from commencing, pursuing, maintaining, enforcing or prosecuting, either directly or indirectly, any Released Claims in any judicial, administrative, arbitral or other forum, against any of the Released Parties, provided that this injunction shall not

1275528.4

apply to the claims of any Class Members who have timely and validly requested to be excluded from the Class. Such injunction shall remain in force until Final Settlement Date or until such time as the Parties notify the Court that the Settlement has been terminated. This injunction is necessary to protect and effectuate the Settlement, this Preliminary Approval Order and this Court's authority regarding the Settlement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

38.     Class Counsel, LifeLock and the Settlement Administrator are directed to carry out their obligations under the Settlement and this Preliminary Approval Order.

39.     The following chart summarizes the dates and deadlines set by this Order:

| Date | Event |
|---|---|
| Three (3) business days after entry of Preliminary Approval Order | Deadline for LifeLock to provide Class Data to Settlement Administrator |
| Ten (10) days after filing of Preliminary Approval Motion | Deadline for Settlement Administrator to provide notice to federal or state officials per U.S.C. § 1715 |
| Ten (10) days after entry of Preliminary Approval Order (or within three (3) calendar days after entry of Final Approval Order if money not released from Court's Registry in the FTC Action) | LifeLock shall pay to the Settlement Administrator the sum of Sixty-Eight Million Dollars ($68,000,000.00) to create the Settlement Fund |
| Thirty (30) days after entry of Preliminary Approval Order | Notice Date and deadline for the Settlement Website and Toll-Free Number to go live |
| Thirty (30) days after Notice Date | Deadline for Class Counsel to file application for Attorneys' Fees and Expenses and request for Service Awards |
| Forty-five (45) days after Notice Date | Objection, Opt-Out Deadline |
| Sixty (60) days after Notice Date | Claim Deadline |
| Ten (10) days after notification from Settlement Administrator that more than two percent (2%) of the Class has requested exclusion | Deadline for LifeLock to notify Class Counsel and the Court that it is cancelling the settlement |
| Fifty-five (55) days after Notice Date | Settlement Administrator to provide to Class Counsel and LifeLock's Counsel a final list of Class Members who requested exclusion or objected |
| Seventy-five (75) days after Notice Date | Settlement Administrator to provide and Class Counsel to file a declaration detailing the scope, method, and status of the Class Notice program and the Claim process. |
| Seventy-five (75) days after Notice Date | Deadline for Final Approval Motion; and for the parties to provide any responses to Settlement Objections |
| One business day after entry of the Final Approval Order | Final Settlement Date |
| Twenty (20) days after the Final Settlement Date, or earlier if agreed upon by parties. | Payment Date (i.e., Deadline for Settlement Administrator to Disburse Settlement Fund) |
| Thirty (30) days after Payment Date | Settlement Website taken down |

- 9 -

| Thirty-five (35) days after Payment Date | Settlement Administrator to transfer Settlement Website URL to LifeLock |
|---|---|
| One hundred and twenty (120) days after Payment Date | Settlement checks expire |
| One hundred and twenty (120) days after the date appearing on second payment checks | Any checks issued as further distribution expire |
| One hundred and eighty (180) days after Final Settlement Date | Deadline for Class Counsel to return documents produced by LifeLock |
| One (1) year plus thirty (30) days after Payment Date | Deadline for Settlement Administrator to return documents received from Class Counsel or LifeLock's Counsel |

IT IS SO ORDERED.


Dated: _____         _____

                                           HAYWOOD S. GILLIAM

                                          United States District Judge

1275528.4