LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
Michael W. Sobol (CA #194857)
msobol@lchb.com
Nicole D. Sugnet (CA #246255)
nsugnet@lchb.com
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008

CARNEY BATES & PULLIAM, PLLC
Joseph Henry ("Hank") Bates (CA #167688)
hbates@cbplaw.com
Randall K. Pulliam (admitted *pro hac vice*)
rpulliam@cbplaw.com
One Cantrell Building
2800 Cantrell, Suite 510
Little Rock, AR  72212
Telephone:  (501) 312-8500
Facsimile:  (501) 312-8505

Class Counsel and Attorneys for Plaintiffs Napoleon Ebarle, Jeanne Stamm, Brian Litton, and Reiner Jerome Ebarle

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAPOLEON EBARLE, JEANNE STAMM, BRIAN LITTON, and REINER JEROME EBARLE on behalf of themselves and all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LIFELOCK, INC.,<br>Defendant. | Case No.  3:15-cv-00258<br><br>**DECLARATION OF HANK BATES IN SUPPORT OF PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND FOR SERVICE AWARDS FOR PLAINTIFFS**<br><br>Date:          June 23, 2016<br>Time:          2:00 PM<br>Courtroom:  15, 18th Floor<br>Judge:         Hon. Haywood S. Gilliam Jr. |

I, Hank Bates, declare as follows:

1.      I am a member in good standing of the California and Arkansas State Bars and a partner in the law firm Carney Bates & Pulliam PLLC ("CBP"), counsel for Plaintiffs and the Class in these consolidated proceedings.  I am the CBP attorney principally responsible for overseeing CBP's work in these proceedings.  I submit this declaration in support of Plaintiffs' Motion for Attorneys' Fees and Expenses and for Service Awards for Plaintiffs.  I have personal knowledge of the facts set forth herein, and if called to testify thereto, I could and would do so competently.

## I.      Background and Experience

2.      CBP is a national law firm based in Little Rock, Arkansas.  CBP is recognized as one of the country's premiere firms in the areas of consumer protection class actions, data privacy/security, securities fraud, environmental law and employment discrimination.  A copy of CBP's firm resume, which describes the firm's experience in class action and other complex litigation is attached hereto as Exhibit A.[1]

3.      Since joining CBP in 2004, I have focused my practice on representing consumers, farmers, shareholders, small businesses and governmental entities in class actions and complex litigation involving consumer fraud, computer privacy, environmental law, and employment rights.  I received my B.A. from Harvard University in 1987 and my J.D. from Vanderbilt University School of Law in 1992.  Following law school, I was a law clerk for the Honorable Danny J. Boggs, United State Court of Appeals for the Sixth Circuit.  I practiced public-interest environmental law in San Francisco, California from 1993 to 1997, first with the law firm of Shute, Mihaly & Weinberger and then with Earthjustice, before returning to my home state of Arkansas.[2]  Below is a sampling of class actions and complex litigation throughout the nation in which I and my firm are currently playing a leadership role:

[1] CBP's firm resume is not a complete listing of all cases in which CBP has been class counsel or otherwise counsel of record.

[2] A more detailed description of my background, as well as the background of the other attorneys in my firm, can be found in my firm's resume.  *See* Ex. A.

a.     CBP is Co-Lead Counsel in *Jensen, et al. v Cablevision Systems Corporation*, 2:15-cv-04188-LDW-ARL (E.D.N.Y.), a putative class action alleging violations of the federal Computer Fraud and Abuse Act, arising from the defendant's practice of providing its residential customers with wireless routers that secretly emit secondary, public Wi-Fi networks over which the individual consumer had no control.  This action is currently in the discovery phase.

b.     CBP is Counsel for Lead Plaintiff Umpqua Bank in *In re: Target Corporation Customer Data Security Breach Litigation*, 0:14-cmd-02522-PAM-JJK (D. Minn.), a putative class of financial institution plaintiffs over injuries suffered from one of the largest data breaches in history.  A proposed settlement, valued at $39.4 million, was preliminarily approved by the Court on December 2, 2015.

c.     CBP is Co-Lead Counsel in *Matera, et al. v. Google, Inc.*, 5:15-cv-04062-LHK (N.D. Cal.), a putative class action involving allegations of email interception and violations of state and federal anti-wiretapping laws.  This action is currently stayed pending the United States Supreme Court's decision in *Spokeo, Inc. v. Robins*, No. 13-1339, which was argued on November 2, 2015.

d.     CBP serves on the Plaintiffs' Steering Committee in *In re: The Home Depot, Inc., Customer Data Security Breach Litigation*, 1:14-md-02583-TWT (N.D. Ga.), a putative class action brought on behalf of injured financial institutions in the wake of a massive retailer data breach.

e.     CBP is Co-Counsel in *Corona v. Sony Pictures Entertainment, Inc.*, No. CV 14-09600-RGK (Ex) (C.D. Cal.), a nationwide class action alleging that Sony had inadequate security measures in place, which allowed cyberattackers to successfully steal its employees' personally identifying information.  A proposed settlement, establishing a non-reversionary cash fund of $2 million to reimburse class members for preventive measures they took to prevent identity theft as a result of the breach and providing up to $2.5 million for class members who experienced losses due to identity theft or misuse of their personally identifying information, was

preliminarily approved on November 24, 2015.  The settlement further provides for identity protection services for class members for a period of two years.

f.      CBP is Co-Lead Counsel in *Matthew Campbell, et al. v. Facebook, Inc.*, 4:13-cv-05996-PJH (N.D. Cal.), a putative class action involving allegations of email interception and violations of federal anti-wiretapping laws.  The Plaintiffs were successful in opposing Facebook's motion to dismiss, and currently are moving for class certification.

g.      CBP is Co-Lead Counsel in *Daniel, et al. v. Ford Motor Company*, 2:11-02890 WBS EFB (E.D. Cal.), a putative class action alleging violations of the Song-Beverly Consumer Warranty Act, the Magnuson-Moss Warranty Act, California's Consumers Legal Remedies Act, and California's Unfair Competition Law arising from an alleged rear suspension defect in Ford Focus model years 2005 through 2011.  The Ninth Circuit recently reversed the lower court's order granting summary judgment, and Plaintiffs anticipate filing a renewed Motion for Class Certification within the month.

h.      CBP is Co-Lead Counsel in *Williams, et al. v. State Farm Mutual Automobile Ins. Co.*, 4:11-cv-00749 KGB (E.D. AR), a class action alleging State Farm violated Arkansas subrogation law by receiving subrogation payments of medical payment and/or personal injury protection coverage from customers' settlements without first obtaining a judicial determination and/or agreement that the customer was made whole.  The Court has certified the class; class notice has been completed; CBP successfully opposed State Farm's Motion for Summary Judgment; and the case is currently set for trial in May 2016.

i.      CBP is Co-Lead Counsel in *Walker, et al. v. Bank of the Ozarks*, CV-11-77 (Ark.), a putative class action alleging violations of the Arkansas Deceptive Trade Practices Act, the duty of good faith and fair dealing resulting from Bank of the Ozarks' unfair and unconscionable assessment and collection of excessive overdraft fees.  On March 17, 2016, the Arkansas Supreme Court affirmed the lower court's denial of Bank of the Ozarks motion to compel arbitration.

4.      In addition to the above, CBP has litigated several other prominent class actions throughout the nation, a few of which include:

- 3 -

a. *In re Bank of America Credit Protection Marketing & Sales Practices Litig.*, United States District Court for the Northern District of California, Case No. 11-md-2269-THE (member of Plaintiffs' Executive Committee; $20 million settlement).

b. *In re DQE, Inc. Securities Litigation*, United States District Court, Western District of Pennsylvania, Case No. 01-1851 (Co-Lead Counsel; $12 million settlement).

c. *Esslinger v. HSBC Bank Nevada*, United States District Court for the Eastern District of Pennsylvania, Case No. 2:10-cv-03213-BMS (Co-Lead Counsel; $23.5 million settlement).

d. *Kardonick v. JPMorganChase*, United States District Court for the Southern District of Florida, Case No. 1:10-cv-23235-WMH (Co-Lead Counsel; $20 million settlement).

e. *In re Lernout & Hauspie Securities Litigation*, United States District Court for the District of Massachusetts, No. 00-CV-11589-PBS (Co-Lead Counsel; $115 million settlement).

f. *In re Liberty Refund Anticipation Loan Litig.*, United States District Court for the Northern District of Illinois, Case No. 1:12-cv-02949 (Co-Lead Counsel; $5.3 million settlement).

g. *Middlesex County Retirement System v. Semtech Corp. et al*, United States District Court for the Southern District of New York, Case No. 07-Civ-7183 (DC) (Co-Lead Counsel; $20 million settlement).

h. *Spinelli v. Capital One Bank (USA), et al.,* United States District Court for the Middle District of Florida, Case No. 8:08-cv-132-T-33EAJ (Co-Lead Counsel; more than $100 million settlement).

i. *In re Sterling Financial Corporation Securities Class Action*, United States District Court of the Southern District of New York, Case No. CV 07-2171(Co-Lead Counsel; $10.25 million settlement).

j.      *Nelson v. Wal-Mart Stores, Inc.,* Eastern District of Arkansas, Case No. 04-00171, (Co-Lead Counsel; $17.5 million in recovery, as well as significant changes to Wal-Mart's hiring policies and four years of court supervision of the settlement terms).

k.      *The Quapaw Tribe of Oklahoma v. Blue Tee Corp.,* United States District Court for the Northern District of Oklahoma, Case No.03-cv-0846-CVE-PJC (Co-Lead Counsel; $11.5 million settlement).

## II.      Qualifications and Duties of CBP Attorneys and Staff

5.      The primary CBP attorneys who have worked on this matter are myself; CBP partners Randall Pulliam, Allen Carney and Tiffany Wyatt Oldham; CBP associates David Slade, and Mitch Rouse; and former CBP associate Bryan Griffith.  These attorneys were assisted by CBP paralegals and staff.

6.      My background, as well as my firm's background, is set forth in the attached firm resume.

7.      My primary duties in this litigation included overseeing case development ; formulating and implementing an effective litigation strategy; reviewing and revising case documents; analyzing documents and data obtained through publicly available outlets and discovery, including the following specific areas:  gap analysis, analysis of subscriber and network data; damages analysis; preparing for and engaging in settlement negotiations and mediations, including reviewing and editing the mediation briefs; negotiating the settlement and settlement papers; reviewing and revising Class Counsel's Rule 23(g) motion, and overseeing Class Counsel's settlement approval and implementation efforts.

8.      CBP's attached firm resume further provides the individual backgrounds of each CBP attorney who worked on this matter.  In addition to this information, the primary duties and tasks undertaken by CBP personnel is set forth below.

### A.      CBP Attorneys

9.      <u>Randall Pulliam</u> is a partner at CBP with 18 years of litigation experience.  Mr. Pulliam's primary duties in this litigation included overseeing factual investigation into Plaintiffs' and the Class's claims, including the following specific areas:  LifeLock's $1 Million Guarantee

and whistleblower allegations; coordinating efforts with co-counsel; drafting comprehensive discovery requests; analysis of FTC proceedings and other litigation against LifeLock; reviewing and analyzing documents and data obtained through discovery; meeting and consulting with informants and consultants; overseeing Plaintiffs' and LifeLock's production of documents; reviewing and revising Plaintiffs' mediation briefs; preparing for and participating in settlement negotiations and mediations; assisting in the preparation of and attending depositions, assisting with obtaining bids from various Settlement Administrators and other administrative tasks..

10.     Allen Carney is a partner at CBP with 18 years of litigation experience.  Mr. Carney's primary duties in this litigation included legal analysis related to class definition, transfer and choice of law issues; factual research regarding blogs owned by LifeLock; meeting with Plaintiffs and assisting them in their collection and  production of documents;  assisting in cataloging documents and data obtained through discovery; and consulting with co-counsel regarding litigation issues and settlement negotiations.

11.     Tiffany Wyatt Oldham is a partner at CBP with 14 years of litigation experience. Ms. Oldham's primary duties in this litigation included factual and legal investigation into Plaintiffs' and the Class's claims, including the following specific areas:  LifeLock's products and services and its representations and omissions related thereto, reliance and venue issues, consumer reviews and complaints, LifeLock affiliates, changes in business practices, LifeLock's competitors, various causes of action, LifeLock's cancellation policies and practices, scope of LifeLock's network; drafting and revising Plaintiffs' initial and amended complaints; reviewing, analyzing, and summarizing documents and data obtained through CBP's investigation and discovery; drafting Plaintiffs' first mediation brief; reviewing and revising theClass Notices and the IVR script; drafting Plaintiffs' Motion for Preliminary Approval and supporting brief; and communicating, corresponding, and coordinating with Plaintiffs throughout the litigation.

12.     David Slade is an associate at CBP with 3 years of litigation experience.  Mr. Slade's duties in this litigation included initial communications with class members and interested parties; legal research and analysis; reviewing and editing Plaintiffs' initial and amended complaints; and assisting in the technical production of discovery.

13.     Mitch Rouse is an associate at CBP with 2 years of litigation experience.  Mr. Rouse's duties in this litigation included researching various legal issues.

14.     Bryan Griffith is a former associate of CBP.  During his time at CBP, Mr. Griffith's duties in this litigation included reviewing and analyzing documents and data obtained through discovery.

**B.      CBP Support Staff**

15.     CBP has several paralegals that assist in the litigation of its cases, with the level of staffing depending on the size and needs of the particular case.  In this case, Jeanne Gray was the primary CBP paralegal assigned to this matter.  Ms. Gray has over 30 years of paralegal experience.  Ms. Gray's tasks in this litigation have included the following: assisting with filings; maintaining CBP's case file; preparing materials for production.  CBP is not seeking to collect fees for Ms. Gray's work on this case.

**III.    Overview of CBP's Efforts in this Litigation**

**A.      Contingent Nature of Action**

16.     This matter has required CBP to spend time on this litigation that could have been spent on other matters.  In addition to a substantial percentage of my time, this litigation has also required considerable work by other lawyers, and CBP staff that could have otherwise been spent on other fee-generating work.

17.     The time that CBP has spent on this litigation has been completely contingent on the outcome.  CBP has not been paid for any of its time spent on this litigation, nor has it been reimbursed for any of its expenses incurred in this litigation.

18.     Because CBP undertook representation of this matter on a contingency-fee basis, CBP shouldered the risk of expending substantial costs and time in litigating the action without any monetary gain in the event of an adverse judgment.

**B.      CBP's Lodestar**

19.     CBP has maintained contemporaneous time records since the commencement of this action.  As of March 15, 2016, CBP has worked a total of 1,479.6 hours, with a total lodestar of $968,262.50.

20.    All attorneys and staff at CBP are instructed to maintain contemporaneous time records reflecting the time spent on this and other matters.  The regular practice at CBP is for all attorneys and staff to keep contemporaneous time records, maintained on a daily basis, and describing tasks performed in 0.1 hour increments.  Firm policy requires all staff to enter their time into an electronic timekeeping system on a daily basis.  I review and audit the time on a regular basis.

21.    I did not include any time spent working on Plaintiffs' Motion for Attorneys' Fees and Expenses and for Service Awards for Plaintiffs within the lodestar reported in paragraph 19 above.

22.    At my direction and with my oversight, CBP attorney Tiffany Wyatt Oldham carefully reviewed CBP's time entries in this matter and removed duplicative entries or other erroneous entries, and also exercised billing discretion to remove time billed to administrative tasks.  None of this excluded time is included in the above numbers.

23.    CBP's lodestar will grow as we continue to finalize the settlement process and close the litigation.  The claims filing and administration period will last for several months, and CBP's commitment of time and labor to this case will continue until (and likely beyond) that date.  CBP will likely continue to assist Class Members with individual inquiries, will oversee aspects of the claims resolution process, and will help resolve Class Member challenges to the result of their claims submissions.  Judging by previous experiences, these responsibilities will require hundreds of hours of work by Class Counsel over the coming months.

24.    Based upon my experience with other class actions and complex matters, I believe that the time expended by CBP in connection with this litigation was reasonable in amount and contributed to the ultimate result achieved for the class.  Moreover, given the size of the Class and the time likely involved in the continued administration of the case and the Settlement, I believe CBP's final lodestar amount will likely be closer to, or exceed, $1,000,000 before the case is closed.

## C.    CBP Billing Rates

25.    CBP sets its rates for attorneys and staff members based on a variety of factors, including the following: the experience, skill, and sophistication required for the types of legal services typically performed; the rates customarily charged in similar matters; and the experience, reputation, and abilities of the attorneys and staff members.

26.    For any individuals who have left the employ of CBP, the hourly rate at the time when their employment concluded is used.  For all others who are still employed by CBP, their current hourly rate is used.

27.    The following chart details the billing rates for each attorney worked on this matter:

**LIFELOCK LODESTAR**

| Timekeeper | Hours | Rate | Lodestar |
|---|---|---|---|
| Bates, Hank (P) | 283.50 | 750.00 | $212,625.00 |
| Carney, Allen (P) | 125.40 | 750.00 | $94,050.00 |
| Griffith, Bryan (A) | 96.30 | 375.00 | $36,112.50 |
| Oldham, Tiffany (P) | 506.50 | 575.00 | $291,237.50 |
| Pulliam, Randall (P) | 423.40 | 750.00 | $317,550.00 |
| Rouse, Mitch (A) | 29.30 | 375.00 | $10,987.50 |
| Slade, David (A) | 15.20 | 375.00 | $5,700.00 |
| **TOTAL** | **1,479.60** | | **$968,262.50** |

**Timekeeper Status**
(P) = Partner
(A) = Associate

28.    These rates are my firm's current commercial billing rates and are supported by our extensive and specialized experience in these types of cases and recognized expertise.  CBP's rates reflect the market rates in similar litigation..

29.    Courts in this District, and the Central District of California, that have approved CBP's requested fees and reimbursement of costs as reasonable include the following:

a.    *Smith v. Intuit, Inc.*, United States District Court for the Northern District of California, Case No. 5:12-cv-00222 (granting requested attorneys' fees);

1    b.  *In re Bank of America Credit Protection Marketing & Sales Practices*

2 *Litig.*, United States District Court for the Northern District of California, Case No. 11-md-2269

3 (granting requested attorneys' fees);

4    c.  *In re National Golf Properties, Inc. Securities Litigation*, United States

5 District Court for the Central District of California, Western Division, Case No. 02-1383-GHK

6 RZX (granting requested attorneys' fees);

7    d.  *Valuepoint Partners, Inc. v. ICN Pharmaceuticals, Inc. Et al.*, United

8 States District Court for the Central District of California, Case No. 03-0989 (granting requested

9 attorneys' fees).

10   30.  Federal and state courts throughout the country have likewise approved CBP's

11 requested fees and reimbursement of costs as reasonable.  *See, e.g., In re Liberty Refund*

12 *Anticipation Loan Litig.*, Case No. 1:12-cv-02949 (N.D. Ill.); *Middlesex County Retirement*

13 *System v. Semtech Corp. et al*, Case No. 07-Civ-7183 (S.D.N.Y.); *In re Sterling Financial*

14 *Corporation Securities Class Action*, Case No. CV 07-2171 (S.D.N.Y.); *Nelson, et al. v. Wal-*

15 *Mart Stores, Inc.*, Case No. 04-CV-00171 (E.D. Ark.); *Montalvo v. Tripos, Inc. et al.*, Case No.

16 4:03CV995SNL (E.D. Mo.); *In re Fleming Corporation Securities Litigation*, No. 5-02-CV-178

17 (E.D. Tx.).

18   **D.**  **Overview of Work Performed**

19   31.  To provide the Court with an overview of the work done by CBP in this litigation,

20 without requiring the review of our voluminous time records themselves, I divide my firm's work

21 into specific tasks.

22   32.  *Factual Investigation*.  CBP spent 77.60 hours on initial case investigation.  Such

23 investigation included the following: conducting factual research into the merits of the claims;

24 interviewing and collecting information from affected class members and potential class

25 representatives; collecting and cataloging LifeLock's advertisements and representations;

26 researching LifeLock's affiliates; and researching LifeLock's network.

27   33.  *Legal Research*.  CBP spent 119.70 hours on legal research.  Such research

28 included the following:  researching the merits of the claims; researching venue issues;

researching defenses raised in LifeLock's motion to dismiss; researching prior and/or contemporaneous litigation involving LifeLock.

34.     *Complaints.*  CBP spent 241.70 hours drafting, reviewing and revising Plaintiffs' initial complaint, Plaintiffs' amended complaint, and Plaintiffs' second amended complaint in this matter, including reviewing, cataloging, and analyzing LifeLock's products and promotional materials at various times throughout the Class Period; compiling and reviewing data regarding consumer complaints; and reviewing and cataloging written and oral representations regarding LifeLock's products, $1 Million Guarantee, and endorsements.

35.     *Motions and Pleadings.* CBP spent 101.2 hours on motions and pleadings, including reading and analyzing LifeLock's motion to dismiss and the defenses raised therein; reviewing and revising Plaintiffs' Motion for Appointment of Interim Co-Lead Class Counsel and Entry of Case Management Order; drafting and revising the Motion for Preliminary Approval of the Settlement.

36.     *Discovery, Document Review, and Data Analysis.* CBP spent 608.8 hours of discovery, document review, and data analysis.  This included discussing and formulating an effective discovery strategy; drafting and serving informal discovery requests; coordinating Plaintiffs' production; reviewing and analyzing thousands of pages of documents produced by LifeLock; analyzing LifeLock's data regarding the timing of and/or gaps in alerts it sent to customers regarding potential identity fraud; and analyzing LifeLock's data regarding the scope of its fraud detection network.

37.     *Litigation Strategy.*  CBP spent 43.1 hours discussing litigation strategy and determining appropriate litigation strategy plans.

38.     *Case Administration.*  CBP spent 62.5 hours on case management and administration tasks.

39.     *Mediation and Settlement.*  CBP spent 199.9 hours negotiating and drafting the settlement.  Such time included engaging in settlement discussions with LifeLock; drafting the first mediation brief and reviewing and revising the second mediation brief; reviewing and analyzing LifeLock's mediation briefs; preparing for and attending two full-day mediation

sessions before Justice Howard Wiener; discussing the Plaintiffs' mediation strategy with co-counsel; analyzing LifeLock's settlement proposals; crafting, along with co-counsel, Plaintiffs' settlement proposals; drafting and revising the Memorandum of Understanding and the Settlement Agreement; drafting and revising the exhibits to the Settlement Agreement, including the class notice and the claim form; reviewing and discussing with LifeLock the terms of the FTC settlement to ensure consistency with the Class Settlement in this Action; and revising the class notice pursuant to the Court's Preliminary Approval Order, conferring with Plaintiffs regarding mediation and settlement.

40.     *Class Member Correspondence and Settlement Administration.* CBP spent 25.1 hours corresponding with Class Members and overseeing Settlement Administration. Such time includes corresponding with Class Members, other than the Plaintiffs about the litigation and settlement; reviewing bids from settlement administrators; working with the Settlement Administrator on various notice and settlement administration issues; and reviewing the draft IVR script for the telephone line.

### E.     Careful Assignment of Work

41.     Tasks were delegated appropriately among partners, associate attorneys, and paralegals. I and other Class Counsel made every effort to litigate this efficiently by reducing duplication of effort and assigning work to the lowest billing timekeepers where feasible.

42.     I worked closely with co-counsel to divide tasks, ensure efficient case management, and prevent duplication of efforts. By assigning specific tasks among firms, we were able to avoid replicating work. Only where it was necessary to have involvement from all of the firms, such as in developing litigation strategies and during the mediations, did such involvement occur. For example, CBP took the lead on working up the case, drafting the various complaints, overseeing the production of Plaintiffs' documents, drafting the motion for preliminary approval of the settlement, while LCHB took the lead on the depositions, drafting the mediation briefs, and managing the production of LifeLock's documents. Both firms reviewed LifeLock's documents and worked equally in negotiating the Settlement in the matter.

1

**F.**     **CBP's Costs**

2     43.     CBP maintains all books and records regarding costs expended on each case in the

3  ordinary course of business, which books and records are prepared from expense vouchers and

4  check records.  I have reviewed the records of costs expended in this matter.

5     44.     CBP has incurred $21,514.22 in expenses.  Such costs include CBP's proportional

6  contributions to mediation fees ($5,000); travel costs including airfare, hotels, parking, taxis, and

7  meals associated with the Phoenix, Arizona mediation session and meetings among counsel

8  ($14,911.35); other hard costs such as research on LEXIS, Westlaw, Courthouse News Service,

9  and First Legal Network court research ($1,199.44); Federal Express, messenger, or process

10  server charges ($396.90); and telephone charges ($6.53).

11     I hereby declare under penalty of perjury of the laws of the United States and California

12  that the foregoing is true and correct.

13     Executed this 18th day of March, 2016 at Little Rock, Arkansas.

14

15

16                                         _/s/ Hank Bates_
                                            Hank Bates

17

18                                    **ATTESTATION**

19     I, Michael W. Sobol, am the ECF user whose identification and password are being used

20  to file this declaration.  I hereby attest that Hank Bates has concurred in this filing.

21

22                                         _/s/ Michael W. Sobol_
                                            Michael W. Sobol

23

24

25

26

27

28

# EXHIBIT A



**www.cbplaw.com**
**2800 Cantrell Rd., Suite 510**
**Little Rock, Arkansas 72202**

# Table of Contents

**The Firm's Practice and Achievements** ................................................................................. 1

**The Firm's Attorneys** ............................................................................................................ 3

    Allen Carney ......................................................................................................................... 3

    Hank Bates ........................................................................................................................... 4

    Randall K. Pulliam ............................................................................................................... 5

    Curtis L. Bowman ................................................................................................................ 6

    Tiffany Wyatt Oldham .......................................................................................................... 7

    David Slade .......................................................................................................................... 8

    Justin Craig .......................................................................................................................... 8

    Mitch Rouse ......................................................................................................................... 9

**Leadership Positions** .......................................................................................................... 10

# The Firm's Practice and Achievements

Carney Bates & Pulliam is recognized as one of the country's premiere firms in the areas of consumer protection class actions, data privacy/security, securities fraud, environmental law and employment discrimination.

The attorneys at Carney Bates & Pulliam are uniquely qualified to prosecute consumer protection claims. For example, the firm has represented the State of New Mexico in numerous lawsuits against some of the largest financial service companies in connection with their practice of deceptively marketing and implementing Payment Protection Plans. The firm recovered over $100 million for credit card holders in various actions against Bank of America, Capital One, Chase, Discover and HSBC. Additionally, the firm is currently co-lead counsel in *Jensen, et al. v Cablevision Systems Corporation*, 2:15-cv-04188-LDW-ARL (E.D.N.Y.), a putative class action alleging violations of the federal Computer Fraud and Abuse Act, arising from the defendant's practice of providing its residential customers with wireless routers that secretly emit secondary, public Wi-Fi networks over which the individual consumer had no control; *Matera, et al. v. Google, Inc.*, 5:15-cv-04062-LHK (N.D. Cal.), a putative class action involving allegations of email interception and violation of state and federal anti-wiretapping laws; *Ebarle, et al. v. LifeLock, Inc.*, 3:15-cv-00258 (N.D. Cal.), a putative class action alleging violations of the Arizona Consumer Fraud Act and claims of breach of contract and unjust enrichment, arising from LifeLock's deceptive marketing and sales practices in connection with its subscription based membership plans; *In re Liberty Refund Anticipation Loan Litig.*, 1:12-cv-02949 (N.D. Ill.), a putative class action alleging violations of federal and state law in connection with the financial products provided by Republic Bank which were facilitated by Liberty Tax from 2009 through 2012; *Daniel, et al. v. Ford Motor Company*, 2:11-02890 WBS EFB (E.D. Cal.), a putative class action alleging violations of the Song-Beverly Consumer Warranty Act, the Magnuson-Moss Warranty Act, California's Consumers Legal Remedies Act, and California's Unfair Competition Law arising from an alleged rear suspension defect in Ford Focus model years 2005 through 2011.

As exemplified herein, our attorneys possess expertise in issues related to complex accounting and financial fraud cases. The firm's attorneys include a CPA and a former investment banker with one of the nation's largest investment firms. The firm's reputation for excellence in accounting fraud and other complex class actions has been recognized on repeated occasions by federal and state court judges who have appointed the firm to serve as lead or co-lead counsel in numerous cases throughout the country. In this regard, the firm has successfully represented certain states throughout the country in matters involving securities litigation such as in *Mississippi Public Employees Retirement System v. Semtech* and *In re Sterling Financial Corporation Securities Class Action*, representing Public Employees Retirement Association of New Mexico and the New Mexico Educational Retirement Board.

The firm has been successful at protecting shareholders in "change-of-control" transactions seeking to maximize shareholder value. For example, the firm represented shareholders of Nationwide Financial in a going private transaction, and was able to negotiate more than $200 million for the public shareholders in the form of an increased share price. In a similar matter, attorneys at the firm represented shareholders of 7-Eleven and brokered an additional $140 million in the sales price.

The firm has also positioned itself at the forefront of data security and data privacy litigation. Our attorneys were appointed by the court as co-lead counsel in *Matthew Campbell, et al. v. Facebook, Inc.*, 4:13-cv-05996-PJH (N.D. Cal.), a putative class action involving allegations of email interception

and violations of federal anti-wiretapping laws.  In addition, we are counsel for the lead plaintiff in *In re: Target Corporation Customer Data Security Breach Litigation*, 0:14-cmd-02522-PAM-JJK (D. Minn.), where we represent Umpqua Bank and a putative class of financial institution plaintiffs over injuries suffered from one of the largest data breaches in history.   We also were appointed to the Plaintiffs' Steering Committee in *In re: The Home Depot, Inc., Customer Data Security Breach Litigation*, 1:14-md-02583-TWT (N.D. Ga.), which is also a putative class action brought on behalf of injured financial institutions in the wake of a massive retailer data breach.  We are co-lead counsel in *Toyer Grear, et al. v Comcast Corporation*, 4:14-cv-05333-JSW (N.D. Cal.), a putative class action alleging violations of the federal Computer Fraud and Abuse Act, arising from the defendant's practice of providing its residential customers with wireless routers that secretly emit secondary, public Wi-Fi networks over which the individual consumer had no control.  We are also co-counsel in *Michael Levine, et al. v. Sony Pictures Entertainment, Inc.*, 2:14-cv-09687-RGK-SH (C.D. Cal.), a putative class action brought on behalf of current and former Sony employees whose personal information, along with that of their families, was compromised in a data breach.

Furthermore, our attorneys handling environmental litigation possess expert knowledge in issues related to groundwater and air pollution, toxic exposures, leaking pipelines and underground storage tanks, oil field contamination, and pesticides. The firm pursues claims against corporate polluters and governmental agencies on the state, local and federal level. For example, Carney Bates & Pulliam served as co-lead counsel on behalf of the Quapaw Tribe in a case that involved natural resources damages to tribe-related lands from lead and zinc mining, which resulted in an $11.5 million settlement against Asarco, LLC, in addition to confidential settlements with four other mining companies.

In the employment context, Carney Bates & Pulliam served as co-lead counsel in *Nelson v. Wal-Mart Stores, Inc.,* 04-00171 (E.D. Ark.), a nationwide race discrimination class action on behalf of African-American truck drivers against Wal-Mart that provided $17.5 million in recovery, as well as significant changes to Wal-Mart's hiring policies and four years of court supervision of the settlement terms.

In addition to its strong personnel, Carney Bates & Pulliam is well-capitalized, allowing it to dedicate considerable resources and to advance expenses on a contingency fee basis to the fullest extent necessary to achieve the best possible result for class members.  As a result of its successful track record and strong capitalization, the firm enjoys a high level of respect and credibility with the defense bar and insurance carriers that often defend and insure corporations and their officers and directors.

As a firm, Carney Bates & Pulliam values practicing in a small environment where professional and personal interaction among the partners, associates, paralegals, accounting staff and other personnel allow for a true "team approach" to litigation strategy that fosters an energetic exchange of ideas.  The firm believes its size allows for a greater degree of independence, flexibility and satisfaction than a large firm environment, without sacrificing the quality of representation necessary to achieve successful results for its clients.

# The Firm's Attorneys

## *ALLEN CARNEY*

Mr. Carney is a graduate of the University of Arkansas, earning a degree in Finance. Subsequently, Mr. Carney graduated from the University of Arkansas at Little Rock School of Law.

Allen Carney concentrates his practice on prosecuting complex litigation on behalf of investors, consumers and employees. He has extensive experience in nationwide cases, including appointment as lead counsel in dozens of securities and consumer class actions. He has successfully represented investors and consumers in cases that achieved cumulative recoveries in the hundreds of millions of dollars for plaintiffs.

Mr. Carney played a key role in litigating the various Payment Protection actions against the largest credit card issuers. These actions resulted in significant recoveries for injured consumers. See *Kardonick v. JPMorgan Chase*, S.D. Florida, $20 million; *Esslinger v. HSBC Bank Nevada*, E.D. Pennsylvania, $23.5 million; *In re Discover Credit Card Payment Protection*, N.D. Illinois, $10.5 million; *In re Bank of America*, N.D. California, $20 million; *Spinelli v. Capital One*; M.D. Florida; more than $100 million.

Mr. Carney was lead counsel in Semtech Securities Litigation, a federal securities fraud class action that settled prior to trial achieving a significant recovery for investors. Additionally, he has served as lead counsel in numerous other federal securities fraud class actions, including *In re Lernout & Hauspie Securities Litigation*, No. 00-11589-PBS (D. Mass.) ($115 million settlement); *In re NewPower Securities Litigation*, No. 2-CV-1550 (S.D.N.Y.) ($41 million settlement); *In re DQE, Inc. Securities Litigation*, No. 01-1851 (W.D. Pa.); *In re Ashanti Goldfields Securities Litigation*, No. CV-00-9717 (DGT) (RML) (E.D.N.Y.); *In re Central Parking Corporation Securities Litigation*, No. 03-CV-0546 M.D. Tenn.); *In re Keyspan Securities Litigation*, No. CV-01-5852 (ARR) (MDG) (E.D.N.Y.); *Paul Ruble, et. al. v. Rural Metro Corp., et. al.*, No. CV-99-822-PHX-RGS (D. Ariz.).

Prior to joining the firm, Mr. Carney was a partner with Jack, Lyon & Jones, P.A. in the Little Rock, Arkansas office, where he practiced extensively in the areas of complex commercial litigation, labor and employment litigation, and business transactions. Allen was involved in a number of high-profile cases, including the successful defense of Capital Cities/ABC News in an action brought by Tyson Foods regarding the secret videotaping of chicken processing plants. He was also a Contributing Author to "Arkansas Employment Law Letter," published by M. Lee Smith, 1995.

Mr. Carney is licensed to practice law in Arkansas state courts, the United States District Courts for the Eastern and Western Districts of Arkansas, and the United States Court of Appeals for the Third and Eighth Circuits. Mr. Carney has argued before the Arkansas Supreme Court. Additionally, Mr. Carney has appeared in numerous federal and state courts across the nation via admission *pro hac vice*.

**HANK BATES**

Mr. Bates graduated from Harvard College, where he was a National Merit Scholar.  After college, Mr. Bates attended the University of Manchester, Manchester, Great Britain on a Rotary International Fellowship and then earned his juris doctorate from Vanderbilt University School of Law, where he was awarded the Andrew Ewing Scholarship and Order of the Coif and served as Articles Editor of Vanderbilt Law Review.  Following law school, Mr. Bates clerked for the Honorable Danny J. Boggs, U.S. Court of Appeals, Sixth Circuit.

Mr. Bates focuses his practice on representing consumers, farmers, shareholders, small businesses and governmental entities in class actions and complex litigation involving environmental law, consumer fraud, securities fraud, employment issues, computer privacy, and corporate governance.

In the environmental context, Mr. Bates has represented numerous individuals and entire communities in Arkansas, California, Colorado, Kansas and Oklahoma involving air pollution, groundwater pollution and toxic exposures resulting in multi-million dollar recoveries and agreements and court orders requiring remediation of contamination and compliance with applicable environmental laws and regulations in the future.  For example, Mr. Bates, as co-lead counsel for the Quapaw Tribe of Oklahoma, secured an $11.5 million settlement in a case against Asarco, LLC involving damage to the Tribe's land from lead and zinc mining, in addition to confidential settlements from four other mining companies.  Mr. Bates has also represented successfully numerous farmers in cases involving crop damage by defective pesticides.  In addition, he has represented numerous conservation groups in actions to protect water quality, free-flowing streams from dams, critical habitat for endangered species and to remediate pollution at decommissioned military sites.

In the consumer fraud context, Mr. Bates was co-lead counsel in *Spinelli v. Capital One*, M.D. Florida, which resolved for more than $100 million.  Mr. Bates is currently serving as court-appointed lead counsel in two MDLs involving predatory tax refund loans – In re Liberty Refund Anticipation Loan Litigation, MDL No. 2334 (N.D. Ill) and In re H&R Block Refund Anticipation Loan Litigation, MDL No. 2373 (N.D. Ill).  Mr. Bates is also lead counsel in several cases against airlines that have violated international regulations regarding flight delays and cancellations.

Mr. Bates' employment litigation includes acting as co-lead counsel in a nationwide race discrimination class action on behalf of African-American truck drivers against Wal-Mart that provided $17.5 million in recovery, significant changes to Wal-Mart's hiring policies and four years of court supervision of the settlement terms.

Mr. Bates is listed in *The Best Lawyers in America* in the category of Environmental Law and has been named a "Super Lawyer" (among the top 5 percent of lawyers in Arkansas, Mississippi and Tennessee) by *Mid-South Super Lawyers* Magazine in the area of Environmental Litigation.

Mr. Bates is active in the bar, currently serving as Arkansas State Coordinator for Public Justice.  In the past he has served as the Chairman of the Environmental Law Section of the Arkansas Bar Association and as Vice-Chairman of the American Bar Association's Committee on Pesticides, Chemical Regulation, and Right-to-Know.  In his community, he currently serves on the Board of Directors for Arkansas Advocates for Children and Families.

Mr. Bates is licensed to practice in the State of Arkansas, the State of California, the U.S. Court of Federal Claims, the U.S. Circuit Court of Appeals for the Eighth and Ninth Circuits, the U.S. District Courts for the Eastern and Western Districts of Arkansas, and the U.S. District Courts for the Northern and Southern Districts of California.

### RANDALL K. PULLIAM

Mr. Pulliam graduated from the University of Central Arkansas with a Bachelor of Business Administration degree, where he was nominated for Outstanding Management Student in the university's School of Business. Mr. Pulliam later earned his Master of Business Administration degree from the University of Arkansas, with an emphasis in Finance. Mr. Pulliam earned his juris doctorate from the University of Arkansas at Little Rock (UALR) School of Law where he received multiple American Jurisprudence Awards.

Mr. Pulliam has substantial experience in many areas of the securities industry, holding his Series 7 General Securities Representative license. Mr. Pulliam worked for Stephens, Inc. as an Equity Trader for four years, where he executed in excess of $2 billion in securities transactions each year and participated in the firm's underwriting and Initial Public Offering allocation decisions. Prior to working at Stephens, Mr. Pulliam worked as an investment banker for Crews and Associates, Inc., where he was responsible for buying municipal bonds for both individual and institutional investors.

Mr. Pulliam has been appointed lead counsel in dozens of successful class actions relating to consumer and shareholder protection. Currently, Mr. Pulliam represents the State of New Mexico in a series of lawsuits asserting causes of actions for violations of the Dodd-Frank Act and state law against seven of the largest financial institutions in the world. Recently, Mr. Pulliam was co-lead counsel in a series of consumer class actions related to the practice of credit card companies selling payment protection, which resulted in significant recoveries for class members. *See Kardonick v. JPMorgan Chase & Co.*, S.D. Florida, $20 million; *Esslinger v. HSBC Bank Nevada*, E.D. Pennsylvania, $23.5 million; *In re Discover Credit Card Payment Protection*, N.D. Illinois, $10.5 million; *In re Bank of America Credit Protection Marketing & Sales Practices Litig.*, N.D. California, $20 million; *Spinelli v. Capital One*; M.D. Florida; more than $100 million.

Mr. Pulliam has also represented investors seeking financial recovery for losses suffered as a result of securities fraud, as well as in "change-of-control" transactions seeking to maximize shareholder value. Mr. Pulliam represented shareholders of Nationwide Financial in a going private transaction, and was able to achieve more than $200 million to the public shareholders. In a similar matter, Mr. Pulliam represented shareholders of 7-Eleven and helped negotiate an additional $140 million in the sales price.

Prior to joining the firm, Mr. Pulliam had a successful law practice in a variety of legal areas, including commercial litigation, where he gained extensive courtroom experience, successfully trying several jury trials.

On the issues of securities fraud and fiduciary duty, Mr. Pulliam has been quoted in numerous publications, including the *New York Times* and the *Dallas Morning News*. Mr. Pulliam has also provided presentations about issues affecting institutional investors at conferences and to the boards of numerous public and union pension funds, including being a panelist on the 2005 Institutional Shareholder Services Annual Conference, *The Fiduciary Responsibility to Claim Securities Class Action Settlements*. Mr. Pulliam is past chair of the Arkansas Bar Association Securities Law Section.

## CURTIS L. BOWMAN

Mr. Bowman began his legal career in 1986, with the Department of Justice Honors Program, a program created by Attorney General Robert Kennedy. Mr. Bowman worked for the Tax Division of the Department of Justice, in Washington, D.C. until October 1990. During his tenure with the DOJ, Mr. Bowman tried dozens of cases involving diverse and complex issues including tax fraud, amortization of core deposit intangibles, "Bivens" actions and judicial review ability of governmental action. While at the Justice Department, Mr. Bowman litigated a matter making it clear that certain action or inaction on the part of the Internal Revenue Service Commissioner is not subject to judicial review. See *Horton Homes, Inc. v. United States of America*, 727 F. Supp. 1450 (1990), affirmed by the Eleventh Circuit Court of Appeals and subsequently overturned prospectively by Congress. During his tenure at the Justice Department, Mr. Bowman was recognized as the "Outstanding Attorney" of the Tax Division (nationwide).

In 1990, Mr. Bowman returned to Little Rock, Arkansas, where he began his private practice of law with the firm of Jack, Lyon & Jones, P.A. In 1993, Mr. Bowman became a partner of Jack, Lyon & Jones and was head of the firm's complex commercial and white collar defense litigation sections. Mr. Bowman has been involved in a number of high profile cases, including the criminal defense of a complex "Whitewater" matter wherein the former governor of Arkansas and his attorney were indicted by the Whitewater prosecutor, Kenneth Starr. In that case, *United States of America v. John H. Haley*, 898 F. Supp. 654 (1995), Haley and Tucker successfully argued to the District Court that Kenneth Starr had exceeded his jurisdiction in prosecuting citizens of the State of Arkansas as opposed to officers of the Executive Branch with whom Attorney General Reno had a conflict of interest. That case was subsequently reversed by the Eighth Circuit Court of Appeals.

Mr. Bowman's litigation experience is broad and includes both the prosecution and defense of cases on behalf of individuals and classes involving death penalty matters; common law civil fraud; securities fraud; RTC savings and loan litigation; general commercial litigation; white collar crime; and tax matters. Mr. Bowman's class action experience includes the successful defense of a string of related class actions brought against Rapid Acceptance Corporation alleging that Rapid had charged consumers an amount of interest in excess of the amount allowed by law.

Mr. Bowman was also actively involved in many of the firm's securities class actions, particularly those involving accounting fraud, and took the lead role for the firm in such cases as *Rosa E. Garza v. J.D. Edwards & Co.*, U.S.D.C. District of Colorado, No. 99-1744, ( $15 million settlement); *Betty M. Lynch v. JDN Realty Corp., et al.*, U.S.D.C. Northern District of Georgia, Atlanta Division, No. 1:00-CV-2539 ( settled for more than $40 million in cash and stock with 11% of the total settlement allocated to Mr. Bowman's clients); *In re Phycor Shareholder Litigation*, U.S.D.C., Middle District of Tennessee, Nashville Division, No. 3-99-0807 ($11.2 million cash settlement); and *In re Vision America Securities Litigation*, U.S.D.C., Middle District of Tennessee, Nashville Division, No. 3-00-0279 ($5.9 million settlement).

***TIFFANY WYATT OLDHAM***

Ms. Oldham graduated *cum laude* from the University of Arkansas at Fayetteville School of Law in 2001. She served as a member of the Board of Advocates and the W.B. Putman Inns of Court. In addition, Ms. Oldham served as President of Phi Delta Phi honors fraternity. During her law school career, Ms. Oldham participated in various trial competitions and moot court, where she was selected as a semi-finalist in the spring rounds. Ms. Oldham has a Bachelor's of Arts in English from the University of Arkansas at Fayetteville.

Ms. Oldham began her legal career with Carney Bates & Pulliam in 2002, and for over a decade now, she has focused her practice on securities and consumer fraud class actions.

Ms. Oldham has had a significant role in several of the firm's prominent cases, including: *Spinelli v. Capital One Bank,* No. 08-CV-132-T-33EAJ (M.D. Fla.); *In re Semtech Corp. Securities Litigation,* No. 07-cv-7114 (FMOx) (C.D. Cal.); *In re Fleming Companies, Inc. Securities and Derivative Litigation,* 5-030MD-1530 (TJW) (E.D. Tex.); *In re Keyspan Securities Litigation*, No. CV-01-5852 (ARR) (MDG) (E.D.N.Y.); *Freidman v. Rayovac Corporation*, No. 02-CV-0308 (W.D. WI); *In re IXL Enterprises, Inc. Securities Litigation*, No. 1:00-CV-2347-CC (N.D. Ga.); *Asher v. Baxter International, Inc.*, et. al., No. 02-CV-5608 (N.D. Il). Having prosecuted numerous class actions through all stages of the litigation process, Ms. Oldham has experience with the full range of litigation issues confronting investors and consumers in complex litigation.

Working together with her colleagues at Carney Bates & Pulliam, Ms. Oldham's work has contributed to hundreds of millions in recoveries for investors and consumers.

Immediately prior to joining Carney Bates & Pulliam, Ms. Oldham spent time overseas working for the Japanese municipal government in Okinawa, Japan. In addition, Ms. Oldham worked as an intern for the United States Bankruptcy Court, Western Division of Arkansas, where she assisted in researching bankruptcy issues and administrating bankruptcy proceedings.

Ms. Oldham is licensed to practice in the Arkansas state courts and the United States District Courts for the Eastern and Western Districts of Arkansas, and the United States Courts of Appeals for the Third Circuit. She is currently a member of the American, Arkansas and Pulaski County Bar Associations. Ms. Oldham has experience in a multitude of legal fields including securities law, corporate law, business litigation, real estate transactions, and insurance regulation.

**DAVID SLADE**

Mr. Slade's path to the law was a nontraditional one. After graduating from college at Yale, he moved to New York City, working at various jobs in the music industry, forming a band, and spending several years touring the country and recording albums. Throughout this period, his interest in the law was nurtured by a side job as a trial assistant in the hormone therapy litigation, *In re: Prempro Products Liability Litigation*, Case No. MDL 1507.

Following his work with the *Prempro* MDL, Mr. Slade attended the University of Arkansas at Little Rock William H. Bowen School of Law. While there, he co-founded the Arkansas Journal of Social Change and Public Service, an online, interdisciplinary publication for which he served as Editor-in-Chief. He oversaw the Journal's inaugural symposium, as well as a variety of community engagement efforts. In its first year, the Journal published submissions from authors throughout the world. Mr. Slade graduated from the University of Arkansas at Little Rock William H. Bowen School of Law in 2013 with high honors.

At Carney Bates & Pulliam, Mr. Slade's principal focus is on consumer protection, with an emphasis on data privacy and data security. Extending his advocacy beyond litigation, Mr. Slade organized a cyber safety training summit for Arkansas law enforcement and victim assistance professionals, in conjunction with the National Organization of Victim Assistance (NOVA). In addition to his work in the class action context, Mr. Slade is a member of the Volunteers Organization, Center for Arkansas Legal Services (VOCALS), an organization committed to pro bono advocacy.

Mr. Slade is licensed to practice law in the State of Arkansas and the U.S. District Courts for the Eastern and Western Districts of Arkansas.


**JUSTIN CRAIG**

Mr. Craig received his legal education at the University of Arkansas at Little Rock, William H. Bowen School of Law where he graduated *Magna Cum Laude*. In addition, he served on the Editorial Board for the UALR Law Review, was a member of the Judge William R. Overton American Inn of Court, and was a member of the Honor Society of Phi Kappa Phi.

Mr. Craig's legal career has been largely focused on public-interest related pursuits. Immediately after passing the bar exam, Justin served as volunteer associate counsel for the *Give Arkansas A Raise Now* campaign where he was part of a team that successfully fought before the Arkansas Supreme Court to keep the increase in the minimum wage initiative on the ballot—*Stephens v. Martin*, 2014 Ark. 442.

Following this success, Justin founded his own law firm. As a solo practitioner, he concentrated his practice on serving populations that are historically underserved by the Arkansas legal community. Justin's firm provided family law, estate planning, and expungement services. He also volunteered his time to providing pro bono legal assistance to clients of the Center for Arkansas Legal Services.

Mr. Craig joined Carney Bates & Pulliam in 2015, where his principal focus is on consumer protection, with an emphasis on abusive debt-collection practices. In addition to his work in the class action context, Mr. Craig is a member of the Volunteers Organization, Center for Arkansas Legal Services (VOCALS), an organization committed to pro bono advocacy.

Mr. Craig is licensed to practice law in the State of Arkansas and the U.S. District Courts for the Eastern and Western Districts of Arkansas.

**MITCH ROUSE**

Mr. Rouse channeled a love of reading and writing into English and Philosophy undergraduate degrees.  He worked full-time at Hays Supermarkets in the meat department, serving as assistant manager for part of his tenure, while also attending Arkansas State University full-time.  He graduated *magna cum laude*.

Mr. Rouse earned his J.D. from the University of Arkansas at Little Rock William H. Bowen School of Law.  While in law school, he was selected by the Law Review Editorial Board to serve as the Editor-in-Chief of the UALR Law Review and he was selected by faculty to be a Moot Court Board Member.  He and his partner won the top brief award and were semi-finalists in the 2014 Robert F. Wagner National Labor and Employment Law Moot Court Competition at the New York Law School.  He even got a small plaque without his name on it.

Following law school, Mr. Rouse had the privilege to clerk for the Honorable D.P. Marshall Jr., United States District Judge for the Eastern District of Arkansas.

Mr. Rouse joined Carney, Bates, & Pulliam in 2015.  His practice focuses on consumer protection class actions.  He is a member of the Pulaski County Bar Association, the Arkansas Bar Association, and the Judge Henry Woods Inn of Court.  Mr. Rouse is licensed to practice law in the State of Arkansas and the U.S. District Courts for the Eastern and Western Districts of Arkansas.

## Leadership Positions

Class Action, MLD and Complex Litigation Cases where the attorneys of Carney Bates & Pulliam have held a leadership position of Lead or Co-Lead Plaintiffs' Counsel or as a member of the Executive Committee of Counsels:

*In re AFC Enterprises, Inc. Securities Litigation*, United States District Court for the Northern District of Georgia, Case No. 1:03-cv-0817-TWT ($15 million settlement).

*Anderson, et al. v. Farmland Industries, Inc*., United State District Court for the District of Kansas, Case No. 98-cv-2499-JWL (multi-party consolidated environmental litigation, Co-Lead Counsel; confidential settlement).

*In re Ashanti Goldfields Securities Litigation*, United States District Court for the Eastern District of New York, Case No. CV-00-0717 (DGT) (RML) (Co-Lead Counsel; $15 million settlement).

*Asher v. Baxter International, Inc., et al.*, United States District Court for the Northern District of Illinois, Eastern Division, Case No. 02 C 5608 (Co-Lead Counsel).

*In re Bank of America Credit Protection Marketing & Sales Practices Litig.*, United States District Court for the Northern District of California, Case No. 11-md-2269-THE ($20 million settlement; member of Plaintiffs' Executive Committee).

*Bland, et al. v. Petromark, Inc., et al.*, Circuit Court of Boone County, Arkansas, Case No. CV-2003-3-2 (multi-party consolidated environmental litigation, Co-Lead Counsel).

*Campbell, et al. v. Facebook, Inc.*, United States District Court for the Northern District of California, Case No. 4:13-cv-05996-PJH (Co-Lead Counsel).

*In re Central Parking Corporation Securities Litigation*, United States District Court for the Middle District of Tennessee), Case No. 3:03-0546 ($4.85 million settlement).

*Daniel, et al. v. Ford Motor Company*, United States District Court for the Eastern District of California, Case No. 2:11-02890 WBS EFB (Co-Lead Counsel).

*Desert Orchid Partners, LLC v. Transaction Systems Architects, Inc.*, United States District Court for the District of Nebraska, Case No. 02-cv-553 ($24.5 million settlement; Co-Lead Counsel).

*In re Discover Credit Card Payment Protection Plan Marketing and Sales Practices Litig*., United States District Court for the Northern District of Illinois, Case No. MDL No. 2217 ($10.5 million; Co-Lead Counsel).

*In re DQE, Inc. Securities Litigation*, United States District Court, Western District of Pennsylvania, Case No. 01-1851 (Co-Lead Counsel; $12 million settlement).

*In re Dynacq International, Inc. Securities Litigation*, United States District Court for the Southern District of Texas, Houston Division, No. H-02-0377 (Co-Lead Counsel).

*Eastwood, et al. v. Southern Farm Bureau Cas. Ins. Co.,* United States District Court for the Western District of Arkansas, Case No. 11-3075 (Co-Lead Counsel; $3.6 million settlement).

*Ebarle, et al. v. LifeLock, Inc.*, United States District Court for the Northern District of California, Case No. 3:15-cv-00258 (Co-Lead Counsel).

*Esslinger v. HSBC Bank Nevada*, United States District Court for the Eastern District of Pennsylvania, Case No. 2:10-cv-03213-BMS ($23.5 million; Co-Lead Counsel).

*In re Fleming Corporation Securities Litigation,* United States District Court for the Eastern District of Texas, Texarkana Division, No. 5-02-CV-178 (Co-Lead Counsel for 33 Act Claims; $93.75 million settlement).

*Friedman v Rayovac Corporation, et al.*, United States District Court of the Western District of Wisconsin, Case No. 02-0308 ($4 million settlement).

*Gaynor v. Thorne, et al.*, Circuit Court of Cook County, Illinois County, Dept of Chancery, Case No. 07-CH-14381.

*Garza v. J.D. Edwards & Co.* , United States District Court for the District of Colorado, Case No. 99-1744, ($15 million settlement).

*Hardin, et al. v. BASF*, United States District Court for the Eastern District of Arkansas, Western Div., Consolidated No. 00-CV-00500 SWW (multi-party consolidated environmental litigation, Co-Lead Counsel; confidential settlement).

*Jensen, et al. v Cablevision Systems Corporation*, United States District Court for the Eastern District of New York, Case No. 2:15-cv-04188-LDW-ARL.

*In re Keyspan Corporation Securities Litigation*, United States District Court for the Eastern District of New York, Case No. 01-cv-5852 (ARR) (MDG).

*Kardonick v. JPMorganChase*, United States District Court for the Southern District of Florida, Case No. 1:10-cv-23235-WMH ($20 million settlement; Co-Lead Counsel).

*King, et al., v. Hamilton Sundstrand Corporation*, District Court of Adams County, Colorado, Case No. 02-CV-2018 (Co-lead Counsel; $2 million settlement of groundwater contamination case).

*In re Lernout & Hauspie Securities Litigation*, United States District Court for the District of Massachusetts, No. 00-CV-11589-PBS (Co-Lead Counsel; $115 million settlement).

*In re Liberty Refund Anticipation Loan Litig*., United States District Court for the Northern District of Illinois, Case No. 1:12-cv-02949 (Co-Lead Counsel; $5.3 million settlement).

*Lynch v. JDN Realty Corp., et al.*, United States District Court for the Northern District of Georgia, Atlanta Division, Case No. 1:00-CV-2539 (settled for over $40 million in cash and stock with 11% of the total settlement allocated to Mr. Bowman's clients).

*Matera, et al. v. Google, Inc.*, United States District Court for the Northern District of California, Case No. 5:15-cv-04062-LHK.

*Middlesex County Retirement System v. Semtech Corp. et al*, United States District Court for the Southern District of New York, Case No. 07-Civ-7183 (DC) (Co-Lead Counsel; $20 million settlement).

*Montalvo v. Tripos, Inc. et al.*, United States District Court for the Eastern District of Missouri, Eastern Division, Case No. 4:03CV995SNL (Co-Lead; $3,150,000 settlement).

*In re Monterey Pasta Company Securities Litigation*, United States District Court for the Northern District of California, Case No. 3:03 CV 00632 MJJ (Co-Lead Counsel).

*In re National Golf Properties, Inc. Securities Litigation*, United States District Court for the Central District of California, Western Division, Case No. 02-1383-GHK RZX; ($4.175 million settlement).

*In re Nationwide Financial Services Litigation,* United States District Court for the Southern District of Ohio, Case No. 08-CV-00249 ($5.05 per share increase in offer price; $232.8 million value).

*Nelson, et al. v. Wal-Mart Stores, Inc.,* United States District Court for the Eastern District of Arkansas, Case No. 04-CV-00171 (Co-Lead Counsel; $17.5 million).

*In re NewPower Holdings Securities Litigation*, United States District Court for the Southern District of New York, Case No. 01-cv-1550 (CLB) (Co-Lead Counsel; $41 million settlement).

*Pennsylvania Avenue Funds v. Gerard H. Brandi, et al.*, Common Wealth of Massachusetts Superior Court, Middlesex County, Case No. CV 08-1057.

*Pierce v. Ryerson Inc. et al.*, Illinois Circuit Court, Cook County, Case No. 07 CH 21060.

*City of Pontiac General Employees' Retirement System v. CBS Corp,* United States District Court for the Southern District of New York, Case No. 08-CV-10816 (LBS).

*In re Phycor Shareholder Litigation*, United States District Court for the Middle District of Tennessee, Nashville Division, Case No. 3-99-0807 ($11.2 million cash settlement).

*The Quapaw Tribe of Oklahoma v. Blue Tee Corp.,* United States District Court for the Northern District of Oklahoma, Case No.03-cv-0846-CVE-PJC ($11.5 million settlement in a case against Asarco, LLC).

*Ruble, et. al. v. Rural Metro Corp., et. al*., United States District Court for the District of Arizona, Case No. 99-cv-822-PHX-RGS.

*Sheet Metal Workers Local 28 Pension Fund v. Office Depot, Inc. et al.*, United States District Court for the Southern District of Florida, Case No. 07-81038-CIV-Hurley/Hopkins.

*Simpson, et al., v. Koppers, et al.*, Pulaski County Circuit Court, Third Division, Case No. CV-00-1659 (multi-party consolidated environmental litigation, Co-Lead Counsel; confidential settlement).

*Slatten v. Rayovac Corporation, et al.*, United States District Court for the Western District of Wisconsin, Case No. 02 C 0325 C (Co-Lead Counsel; $4 million settlement).

*Slone, et.al. v. Fifth Third*, United States District Court for the Southern District of Ohio, Case No. 03-cv-00211 ($15 million settlement).

*Smith v. Intuit, Inc*., United States District Court for the Northern District of California, Case No. 5:12-cv-00222 ($6.55 million cash settlement).

*Spinelli v. Capital One Bank (USA), et al.,* United States District Court for the Middle District of Florida, Case No. 8:08-cv-132-T-33EAJ (more than $100 million settlement; Co-Lead Counsel).

*State of New Mexico v. Discover Financial Services, Inc., et al.,* United States District Court for the District of New Mexico, Case No. 1:13-cv-00503 ($2.15 million cash settlement).

*State of New Mexico v. JPMorgan Chase & Co., et al.,* United States District Court for the District of New Mexico, Case No. 1:13-cv-00472 ($2,146,750.00 million cash settlement).

*In re Sterling Financial Corporation Securities Class Action*, United States District Court of the Southern District of New York, Case No. CV 07-2171(Co-Lead Counsel; $10.25 million settlement).

*Stokes, et al. v. Government Employees Insurance Company d/b/a GEICO, et al*., Circuit Court of Pulaski County, Arkansas, Civil Division, Case No. 60CV-13-4282 (Co-Lead Counsel; $517,206.30 settlement).

*In re Supervalu, Inc. Securities Litigation,* United States District Court for the District of Minnesota, Case No. 02-CV-1738 (JEL/JGL) (Co-Lead Counsel; $4 million settlement).

*Valuepoint Partners, Inc. v. ICN Pharmaceuticals, Inc. Et al.*, United States District Court for the Central District of California, Case No. 03-0989 ($3,225,000 settlement)

*In re Vision America Securities Litigation* , United States District Court for the Middle District of Tennessee, Nashville Division, Case No. 3-00-0279 ($5.9 million settlement).

*White v. Minnesota Mining & Manufacturing Co.*, United States District Court for the Eastern District of Arkansas, Western Div., Case No. LR-C-98-362 (multi-party consolidated environmental litigation, Co-Lead Counsel; confidential settlement).

*Wise, et al. v. Arkansas Aluminum Alloys, Inc., et al.*, Miller County Circuit Court; Case No. CIV-2003-14-1(multi-party consolidated environmental litigation, Co-Lead Counsel; confidential settlement).

*Wroten, et al. v. Shelter Mutual Ins. Co*, Circuit Court of Pulaski County, Arkansas, Civil Division, Case No. 60CV-14-517 (Co-Lead Counsel; $1,773,453.56 settlement).

*Wroten, et al. v. USAble Mutual Ins. Co*., Circuit Court of Pulaski County, Arkansas, Civil Division, Case No. 60CV-14-516 (Co-Lead Counsel; $1,234,585.00 settlement).

*Yvon DuPaul v. H. Edwin Trusheim, et al.* (Rehabcare Group), Circuit Court of the County of St. Louis, Missouri, Case No. 02 CC 3039 (Lead Derivative Counsel).