## DECLARATION OF ANTONIA CARRASCO IN SUPPORT OF OBJECTIONS TO CLASS ACTION SETTLEMENT IN *EBARLE ET AL. V. LIFELOCK, INC.*, CASE NO. 3:15-CV-258-HSG

Comes now ANTONIA CARRASCO and states the following under oath and under penalty of perjury in support of her objection:

"My name is Antonia Carrasco. My name while I was formerly married was Antonia Luporini. I am over the age of eighteen (18) years. I have never been convicted of a felony. I am qualified and competent to make this affidavit."

The facts stated herein are within my personal knowledge."

"My current address is 16536 South Fox Run Circle, Plainfield, Illinois 60586. My cellular telephone number is (779) 703-9873 and my email is lovingson1229@gmail.com."

"I am a person in the United States who was a member of a LifeLock identity theft protection plan at between September 1, 2010 and January 20, 2016."

"I am not a parent, subsidiary, affiliate, or controlled person of LifeLock, nor am I an officer, director, agent, servant or employee of LifeLock, nor am I an immediate family member of any such persons. I am not a judge who may preside over the Lawsuit. Therefore, I am a Class Member."

"Attached as Exhibit 1 is a true and correct copy of my claim form receipt in the above settlement. Attached as Exhibit 2 is a true and correct copy of the class notice I received via email."

"I have not opted out of the Settlement."

"I object to the proposed settlement of *Ebarle et al. v. LifeLock, Inc.*, Case No.

**3:15-CV-258-HSG** for the reasons stated in my objection."

"I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this the 4 day of April, 2016, at Plainfield, Illinois."

*Antonia Carrasco*
Antonia Carrasco

Timothy R. Hanigan (125791)
LANG, HANIGAN & CARVALHO, LLP
21550 Oxnard Street, Suite 760
Woodland Hills, California 91367
(818) 883-5644
trhanigan@gmail.com

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAPOLEON EBARLE, JEANNE STAMM, BRIAN LITTON, and REINER JEROME EBARLE on behalf of themselves and all other similarly situated,<br><br>                              Plaintiffs,<br><br>v.<br><br>LIFELOCK, INC.,<br><br>                              Defendant. | Case No. 3:15-cv-00258<br><br>Hon. Haywood S. Gilliam, Jr. |

## OBJECTION OF ANTONIA CARRASCO

## INTRODUCTION

The proposed settlement is not fair, adequate and reasonable; it creates intra-class conflicts and implicates adequacy problems; and the proposed award of attorneys' fees is excessive.

## STANDING AND PROCEDURES TO OBJECT

Objector's full name, address and telephone number are as follows:

Antonia Carrasco
16536 South Fox Run Circle
Plainfield, Illinois 60586
Tel: (779) 703-9873
Email: lovingson1229@gmail.com

Objector is a class member who has timely filed a claim and therefore has standing to make this objection. *See* Declaration of Antonia Carrasco, Exhibit A hereto, incorporated by reference as though set forth in full. Objector is represented by Timothy R. Hanigan, LANG, HANIGAN & CARVALHO, LLP and Bandas Law Firm, PC. Chris Bandas of Bandas Law Firm does not presently intend on making an appearance for himself or his firm. The statement of the objections and the grounds therefore are set forth below. Objector does not intend on appearing at the fairness hearing either in person or through counsel but asks that this objection be submitted on the papers for ruling at that time. Objector relies upon the documents contained in the Court's file in support of these objections. Objection is made to any procedures or requirements to object in this case that require information or documents other than those that are contained herein on grounds that such requirements seek irrelevant

information to the objections, are unnecessary, unduly burdensome, are calculated to drive down the number and quality of objections to the settlement and violate Objector's and counsel's due process rights and/or Rule 23. Objection is further made to the extent there are any procedures or requirements for objections that are not contained in the class notice.

Objector incorporates by reference the arguments and authorities contained in other filed objections, if any, made in opposition to the fairness, reasonableness and adequacy of the proposed settlement, the adequacy of class counsel and to the proposed award of attorneys' fees and expenses that are not inconsistent with this objection. Objector specifically incorporates by reference, to the extent not inconsistent with this objection, the objections of James E. Pentz, Doc. 62, and Walter F. Ellingwood, III, Doc. 61.

## OBJECTIONS

**The Proposed Settlement Is Not Fair Adequate And Reasonable.**

As noted by at least two co-objectors, this proposed settlement agreement involving allegations of misrepresentations concerning its identify theft protection plans and information security plans comes on the heels of a $100 million LifeLock settlement with the Federal Trade Commission.[1] The court-approved stipulated order in that case provides that $68 million of the $100 million may be used to provide

---

[1] *See* Objection of James E. Pentz, Doc. 62; Objection of Walter F. Ellingwood, III, Doc. 61; *LifeLock to Pay $100 Million to Consumers to Settle FTC Charges it Violated 2010 Order*, FEDERAL TRADE COMMISSION (Dec. 17, 2015), *available at* https://www.ftc.gov/news-events/press-releases/2015/12/lifelock-pay-100-million-consumers-settle-ftc-charges-it-violated.

consumer redress in this case. *See* Class Notice, at 3, ¶ 2. Correspondingly, the $68 million settlement reached here amounts to essentially a distribution of funds previously secured by FTC attorneys to the LifeLock consumers.

The attorneys' fees' component of this class action settlement is extremely troubling, rendering the settlement unfair to the class. FED. R. CIV. P. 23(a). In a suit on file seven months before an agreement in principle was reached, class counsel request an astounding $10.2 million for doing little more than arranging a transfer of funds. They arrive at this figure by piggybacking on the $68 million surrendered by LifeLock in the FTC action, and calculating a 15% recovery based on that amount. Motion for Attorneys' Fees and Expenses and for Service Awards, Doc. 60, at 2-3.

As the co-objectors observed, any percentage of recovery awarded to class counsel should come out of the value which class counsel added to the settlement. According to class counsel, "the value to the Class increased by approximately $12.8 million" which is "attorneys' fees and costs of $10.2 million . . . plus estimated settlement notice and administration costs of $2.6 million." Motion for Attorneys' Fees and Expenses and for Service Awards, Doc. 60, at 3.

Any percentage-based recovery must, therefore, be based on this $12.8 million figure. Applying the 25% benchmark to this figure, the most class counsel should be awarded under a percentage-based calculation is $3.2 million. Meanwhile, the remaining $7 million of the $10.2 million allocated for attorneys' fees is money that should have been allocated to the class.

The structure of the settlement in allocating attorneys' fees is also objectionable. The settlement unfairly segregates the settlement fund ($68 million) from the proposed attorneys' fees of $10.2 million to the detriment of the class. *See* Class Action Settlement Agreement, Doc. 49-1, at 30, ¶ 98 ("Any Attorneys' Fees and Expenses awarded by the Court shall not be paid out of the Settlement Fund but, instead, shall be paid separately by LifeLock"). By structuring the settlement in this fashion, LifeLock, and not the class, receives the benefit of any reduction in attorneys' fees.

It should be noted at the outset that LifeLock is indifferent as to the allocation of any settlement payments between the class and class counsel. *See, eg., Malchman v. Davis*, 761 F.2d 893, 908 (2d Cir. 1985) (Jon O. Newman, concurring), *cert. denied*, 475 U.S. 1143 (1986); *In re Dry Max Pampers Litig.*, 724 F.3d 713, 717-18 (6th Cir. 2013). The existence of separate funds should be viewed for what it is—class counsel's deliberate choice.[2]

In an ordinary common fund settlement with unsegregated fees, the district court can correct any allocation issues because any fees not paid to class counsel

---

[2] *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Products Liab. Litig.*, 55 F.3d 768, 820 (3d Cir. 1995) (noting a severable fee structure "is, for practical purposes, a constructive common fund" and "private agreements to structure artificially separate fee and settlement arrangements cannot transform what is in economic reality a common fund situation into a statutory fee shifting case."); *see also In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 943(9th Cir. 2011) ("[s]everal courts have embraced the constructive common fund approach, warning that "private agreements to structure artificially separate fee and settlement arrangements").

simply reverts to the plaintiffs. *See, e.g., In re Citigroup Sec. Litig.*, 965 F. Supp. 2d 369 (S.D.N.Y. 2013) (reducing excessive fee request by $26.7M for benefit of shareholders). The segregated structure of the settlement ensures that LifeLock will not have to pay the amount to the class in the event the attorneys' fees are reduced.

This Court should require that these funds be included in the common fund, with any reduction of the excessive attorneys' fees increasing the amount of the class settlement fund. If the parties will not make this modification, the settlement should be rejected.

The proposed settlement also contains a "clear sailing clause," which stipulates that attorneys' fee awards up to a certain amount will not be contested by the Defendants. "Such a clause by its very nature deprives the court of the advantages of the adversary process." *Weinberger v. Great N. Nekoosa Corp.*, 925 F.2d 518, 525 (1st Cir. 1991). A clear sailing clause lays the groundwork for class counsel to "urge a class settlement … on a less-than-optimal basis in exchange for red-carpet treatment on fees." *Id.* at 524; *accord In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011).

Additionally, given the segregated award of attorneys' fees, any amount not awarded in attorneys' fees will necessarily revert or remain in the hands of LifeLock. This is tantamount to a "kicker arrangement," which stipulates that any reverting attorneys' fees goes to Avis and Budget and not the consumers. *See Bluetooth*, 654 F.3d at 949. "The clear sailing provision reveals the defendant's willingness to pay, but the

kicker deprives the class of that full potential benefit if class counsel negotiates too much for its fees." *Id.* The kicker, like the clear-sailing agreement, is a sign "that class counsel have allowed pursuit of their own self-interests ... to infect the negotiations." *Id.* at 947.

Because the settlement here is structured in a manner that puts the interests of class counsel ahead of the class, and as such, should be rejected.

**Intra-Class Conflicts And Adequacy of Representation.**

Objection is further asserted to the extent the parties have not complied with the requirements of separate representation for intra-class conflicts as set forth in Rule 23(a)(4), *Dewey v. Volkswagen AG*, 681 F.3d 170 (3d Cir. 2012), and *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 856-58 (1999). The adequacy of class counsel is also in question given the unfair settlement which they negotiated, which primarily benefits class counsel.

**Class Counsel's Fee Request Is Excessive.**

As previously discussed, class counsels' proposed $10.2 million in attorneys' fees, which is 15% of $68 million, is excessive because it unfairly piggybacks on the work of the FTC in securing funds from Lifelock. Any percentage-based recovery should come from the alleged value added to the settlement, here, $12.8 million. Under the percentage method, class counsel should receive no more than $3.2 million, or 25% of the $12.8 value supposedly added by class counsel.

Objection is further asserted that the $10.2 million sought by class counsel is likewise grossly excessive under a lodestar analysis. Class counsel calculate a total lodestar of $1,247,754. *See* Motion for Attorneys' Fees and Expenses and for Service Awards, Doc. 60, at 18. To reach class counsels' requested $10.2 million, an outrageous and completely unjustified multiplier of 8.17 must be applied. *See id.* Given the minimal value, if any, added to the settlement by class counsel, a multiplier of less than 1 is appropriate. Regardless of whether the percentage method or the lodestar method for calculating attorneys' fees is utilized, one thing is clear: the $10.2 million in requested attorneys' fees is far beyond a reasonable amount for the minimal results achieved here.

Class counsels' request for excessive fees in this case is a breach of their fiduciary duty to the class, and should not be authorized. *Lobatz v. U.S. West Cellular of Cal., Inc.,* 222 F.3d 1142, 1147 (9th Cir. 2000) (if "class counsel agreed to accept excessive fees and costs to the detriment of class plaintiffs, then class counsel breached their fiduciary duty to the class").

## CONCLUSION

Objector request that this settlement be rejected. In the alternative, Objector requests that the proposed award of attorneys' fees be rejected or, at minimum,

substantially reduced.

DATED: April 14, 2016

Respectfully submitted,

*/s/ Timothy R. Hanigan*
Timothy R. Hanigan (125791)
LANG, HANIGAN &
CARVALHO, LLP,
21550 Oxnard Street, Suite 760
Woodland Hills, California 91367
(818) 883-5644
trhanigan@gmail.com

Attorneys for Objector/Class Member

For the foregoing reasons, I object to this settlement.

DATED: April 13, 2016

Antonia Carrasco
16536 South Fox Run Circle
Plainfield, Illinois 60586
(779) 703-9873

## Certificate of Service

The undersigned certifies that today he filed the foregoing objection and associated exhibits on ECF which will send electronic notification to all attorneys registered for ECF-filing thus effectuating service. The undersigned further certifies he caused to be served via electronic mail, a copy of this Objection and associated exhibits upon the following.

DATED: April 14, 2016

Ebarle v. LifeLock, Inc. Settlement
c/o Garden City Group
PO Box 10248
Dublin, OH 43017-5748
info@EbarleClassSettlement.com

/s/ *Timothy R. Hanigan*
Timothy R. Hanigan

# Barbara S. Cochran
1520 Dover Street
Oxnard, CA 93030
(805-919-0009
************************

April 12, 2016

Ebarle v. LifeLock, Inc. Settlement
c/o Garden City Group
PO Box 10248
Dublin, OH 43017-5748

Re:   Ebarle, et al. v. LifeLock, Inc.
      Case No. 3:15-cv-258-HSG
      <u>Notice of Objections to Proposed Settlement & Attorneys' Fees</u>

Dear Settlement Administrator:

I am a class member of the above class action lawsuit because I owned a LifeLock identity theft protection plan some time between September 1, 2010, and January 20, 2016. My Claim ID is 2A12E06670.

I object to the fairness, adequacy and reasonableness of the proposed settlement and request for attorneys' fees on the following grounds:

1. The caps on cash payments are inadequate in light of the harm done;
2. We should not be required to submit a claim since LifeLock has records on all of its customers;
3. Since only half of the settlement funds are sure to be paid (equaling a 33% fee), the motion for attorneys' fees should be put on hold until we know the total amount of claims actually paid so the court can judge its reasonableness.

I also adopt other objections filed after mine. I am not currently represented by a lawyer, and I don't plan on attending the fairness hearing.

Respectfully,

*[signature: Barbara S. Cochran]*

Barbara S. Cochran
Class Member/Objector

*[Stamp: Garden City Group, LLC — APR 18 2016]*

