LUANNE SACKS (SBN 120811)
lsacks@srclaw.com
SACKS, RICKETTS & CASE LLP
177 Post Street, Suite 650
San Francisco, CA 94108
Telephone: 415-549-0580
Facsimile: 415-549-0640

CYNTHIA A. RICKETTS (Admitted *pro hac vice*)
cricketts@srclaw.com
SACKS, RICKETTS & CASE LLP
2800 North Central Avenue, Suite 1230
Phoenix, AZ 85004
Phone: (602) 385-3370
Fax: (602) 385-3371

Attorneys for Defendant
LifeLock, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAPOLEON EBARLE, JEANNE STAMM, and BRIAN LITTON, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>LIFELOCK, INC., a Delaware corporation,<br><br>Defendant. | Case No. 3:15-CV-00258-HSG<br><br>**ADMINISTRATIVE CONSENT MOTION REGARDING PAYMENT OF REMAINING SETTLEMENT FUNDS TO THE FEDERAL TRADE COMMISSION [L.R. 7-11]** |

Pursuant to Local Rule 7-11, Defendant LifeLock, Inc. ("LifeLock") submits this Administrative Consent Motion Regarding Payment of Remaining Settlement Funds to the Federal Trade Commission (the "FTC"). Counsel for plaintiffs and the settlement class consent to this Motion.

**WHEREAS,** on September 20, 2016, this Court granted final approval to the parties' Settlement Agreement, which contained various provisions coordinating with the recent settlement in *FTC v. LifeLock*, No. 2:10-cv-530 (D. Ariz.) (the "Arizona Action");

- 1 -

**WHEREAS**, ¶ 57 of the Settlement Agreement permitted LifeLock to fund the Settlement Fund by moving the U.S. District Court for the District of Arizona for an order distributing $68 million of the money LifeLock had deposited with the registry of that court as part of the settlement of the Arizona Action;

**WHEREAS**, ¶ II(E) of the Amended Order, ECF No. 67 in the Arizona Action ("Amended Order," **Exhibit A** hereto), approving the settlement between LifeLock and the FTC likewise permitted LifeLock to move for an order distributing $68 million from the registry of the United States District Court for the District of Arizona (the "Arizona Court") for the purpose of funding the Settlement Fund in this action;

**WHEREAS**, on February 1, 2016, LifeLock moved for an order from the Arizona Court distributing $68 million from that court's registry to this Court's appointed Settlement Administrator, Garden City Group ("Settlement Administrator"), to fund the Settlement Fund in this action;

**WHEREAS**, pursuant to the Arizona Court's Order, ECF No. 72, on February 16, 2016, $68 million was transferred from the Arizona Court's registry to the Settlement Administrator to fund the Settlement Fund in this Action for purposes of this Court's Order,

**WHEREAS**, pursuant to ¶ 62 of the Settlement Agreement, on October 11, 2016, the Settlement Administrator distributed the Settlement Fund by mailing approximately 3.4 million settlement benefit checks to class members, which checks expired on February 8, 2017;

**WHEREAS**, pursuant to ¶ 63 of the Settlement Agreement, commencing on February 17, 2017, the Settlement Administrator distributed the $20.4 million in undeliverable or uncashed funds from the October 11, 2016 benefit payments on a pro rata basis by mailing a second settlement benefit check to approximately 152,000 class members who cashed their initial checks;

**WHEREAS**, ¶ 63 of the Settlement Agreement provides that all amounts remaining in the Settlement Fund at the end of the payment period shall pass to the FTC, and ¶ II(E)(1)(iii) of

1  the Amended Order required that provision as a condition of LifeLock's ability to obtain an
2  order distributing $68 million from the Arizona Court's registry to fund the Settlement Fund;
3        **WHEREAS**, ¶¶ 57, 63 & 81 of the Settlement Agreement direct the Settlement
4  Administrator to deposit such remaining amounts into the Arizona Court's registry for
5  disbursement to the FTC, while ¶ II(E)(1)(iii) of the Amended Order requires such remaining
6  amounts to be paid directly to the FTC;
7        **WHEREAS**, the inconsistency between the Settlement Agreement and the Amended
8  Order as to whether the Settlement Administrator should pay such remaining amounts to the FTC
9  directly or via the Arizona Court's registry is one of form without substance, and an order
10 clarifying the Settlement Administrator's obligations is an ancillary case management order not
11 bearing on any issue remaining in this case as there are no issues remaining in this action;
12       **WHEREAS**, approximately $743,000 of unclaimed funds remain in the Settlement Fund;
13       **WHEREAS**, the FTC interprets the Amended Order to have required payment to the
14 FTC after June 19, 2017, all funds then remaining in the Settlement Fund;
15       **WHEREAS**, the second and final distribution of settlement benefit checks paid under the
16 Settlement Agreement will not expire until June 28, 2017;
17       **WHEREAS**, the Settlement Administrator estimates that, at the current rate that class
18 members are cashing outstanding benefit checks, approximately $98,000 of the outstanding
19 $743,000 in remaining Settlement Fund checks will be cashed before the checks expire on June
20 28, 2017;
21       **LIFELOCK THEREFORE MOVES FOR AN ADMINISTRATIVE ORDER** that
22 the Settlement Administrator directly pay to the FTC all remaining Settlement Fund amounts
23 that would otherwise be deposited into the Arizona Court's registry pursuant to ¶¶ 57, 63 & 81 of
24 the Settlement Agreement.
25       **LIFELOCK FURTHER MOVES FOR AN ADMINISTRATIVE ORDER** permitting
26 the Settlement Administrator to immediately pay to the FTC from the Settlement Fund an
27 amount, to be set in the Settlement Administrator's discretion, to satisfy the FTC's demand for
28

immediate payment under the Amended Order, provided that no class members are thereby adversely affected and all outstanding settlement benefit checks that are timely presented for payment before their expiration on June 28, 2017 are honored.  As necessary following payment to the FTC, LifeLock will pay to the Settlement Fund an amount sufficient to ensure that outstanding settlement benefit checks that are timely presented for payment prior to their expiration on June 28, 2017 are honored.

     A proposed order consistent with this request has been submitted simultaneously herewith.

Dated: June 20, 2017          SACKS, RICKETTS & CASE LLP

By:   /s/Cynthia A. Ricketts
LUANNE SACKS
CYNTHIA A. RICKETTS
Attorneys for Defendant
LifeLock, Inc.

**ATTESTATION CLAUSE**

I, Cynthia A. Ricketts, am the ECF user whose identification and password are being used to file the foregoing Administrative Consent Motion Regarding Payment of Remaining Settlement Funds to the Federal Trade Commission. I hereby attest under penalty of perjury that counsel for plaintiffs and the settlement class consent to the foregoing Motion and have concurred in the filing of this document, but requested to not be signatories to the Motion.

Dated: June 20, 2017                    SACKS, RICKETTS & CASE LLP


                                        Signed:   /s/Cynthia A. Ricketts
                                                  CYNTHIA A. RICKETTS